PEARSON, Judge.
Each of these appeals is by the plaintiff in the court below. The first is an appeal from a final judgment entered at the conclusion of a non-jury trial where plaintiff received a judgment against one defendant (Congress Enterprises, Inc.) but a second defendant (Congress International, Inc.) was discharged without liability. The second is an appeal from an order denying plaintiff’s motion to set aside the final judgment upon an allegation of fraud in a motion made pursuant to Rule 1.38(b), Florida Rules of Civil Procedure, 30 F.S.A.
The appeal from the final judgment is affirmed because it affirmatively appears from the record that the plaintiff failed to make a case against Congress International. The complaint under which the plaintiff proceeded alleged a written contract by the defendant, Congress Enterprises, and an oral guaranty of payment of the contract by Congress International. The proof submitted consisted entirely of requests for admissions which the defendants failed to answer. These were insufficient to establish the liability of the defendant, Congress International, because no enforceable contract to guarantee or assume the payments under the contract was proved.
Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Eraud, etc. On motion and upon such terms as are just, the court may relieve a party or bis legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is not longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after judgment, decree, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding, or to set aside a judgment or decree for fraud upon the court.
Writs of eo ram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action.
Upon application for relief pursuant to Rule 1.38(b),[1] Florida Rules of Civil Procedure, the plaintiff submitted a deposition of one of the officers of Congress International which may indicate that Congress International is liable for the debts of Congress Enterprises upon a contract whereby Congress International agreed to become responsible for all of the debts of Congress Enterprises.
We do not find from a reading of the rule, or the cases decided thereunder, that its purpose is to aid a plaintiff to state a new cause of action which by oversight or inadvertence he did not include in his pleadings. Cf., State ex rel. Huntley Bros., Inc. v. Gooding, Fla.App.1963, 149 So.2d 55; Irving v. Irving, Fla.App.1963, 157 So.2d 544. We therefore conclude that the court did not commit reversible error in denying the motion for relief pursuant to Rule 1.38 (b), Florida Rules of Civil Procedure.
Affirmed.

. Rule 1.38(b) provides as follows: