363 So.2d 613 (1978)
ROBERT B. EHMANN, INC., Ehmann Construction, Inc., Mor-E, Inc., and Robert B. Ehmann, Individually, Appellants,
v.
Dale E. BERGH and Lura Bergh, Appellees.
No. JJ-59.
District Court of Appeal of Florida, First District.
October 27, 1978.
R. Scott Cross of Matthies & Cross, Ocala, for appellants.
Chester J. Trow and Wayne L. Rubinas of Pattillo, Mackay & McKeever, Ocala, for appellees.
MILLS, Judge.

CASE SUMMARY
Appellants (the judgment debtor and impleaded third party defendants) take this interlocutory appeal from an order granting appellees' (judgment creditors) motion to implead the third parties as defendants in supplementary proceedings brought by the judgment creditors against the judgment debtor under Section 56.29, Florida Statutes (1975). We reverse.

*614 FACTS
The Berghs (judgment creditors) obtained a judgment against Ehmann, Inc. (judgment debtor). Execution was issued but was unsatisfied. The Berghs filed a motion for supplementary proceedings and for impleader of third parties as defendants. The motion alleged that Robert B. Ehmann (third party) owned all the stock in both Robert B. Ehmann, Inc., and Ehmann Construction, Inc. (third party); that fifty percent of the stock of Mor-E, Inc. (third party) was owned by Robert B. Ehmann; that Robert B. Ehmann had abused the corporate entities so that the corporations had no separate will or purpose of their own other than to fulfill personal desires of Robert B. Ehmann; that Ehmann had caused the assets of the various corporations to be conveyed between himself and the corporations without adequate consideration and with the intent of defrauding the Berghs; that Robert Ehmann retains the beneficial enjoyment of property which was transferred from Robert B. Ehmann, Inc.; and that the various corporations and Ehmann represent an organizational fragmentation of a single economic enterprise under the common ownership and control of Robert B. Ehmann. Ehmann, Inc. filed a motion to quash the Berghs' motion. After a non-evidentiary hearing, the trial court denied Ehmann, Inc.'s motion and granted the Berghs' motion.

ISSUE
Whether a trial court may grant a motion to implead third party defendants in supplementary proceedings under Section 56.29 without taking the testimony of the judgment creditor, without issuing a rule to show cause to the third party defendants and without permitting the third party defendants to file their defenses to the allegations of the show cause order.
Appellants contend that Section 56.29 and the case law of our State require that all three steps be taken before a third party is properly impleaded in a supplementary proceeding.
Appellees contend that the Florida Rules of Civil Procedure authorize a court upon motion by the judgment creditor to implead third parties.

DECISION
The trial court should conduct an examination of the judgment creditor or appoint a master to do this for it. Section 56.29(2), Florida Statutes. If the examination of the judgment creditor establishes the judgment creditor's claim to property in the hands of third parties, the trial court should issue an order to show cause setting forth the findings of specific assets or transactions to which the third parties can respond in writing prior to further hearings. Tomayko v. Thomas, 143 So.2d 227 (Fla.3d DCA 1962), and State ex rel. Phoenix Tax Title Corp. v. Viney, 120 Fla. 657, 163 So. 57 (1935).
In the case before us, the judgment creditors were not examined as required by Section 56.29(2); the trial court did not issue an order to show cause directed to the third party defendants specifying the judgment creditors' claims to property in their hands; nor were the third party defendants given an opportunity to respond in writing to the judgment creditors' claims. The third parties were denied their constitutional right to an opportunity for a full and fair hearing.
The judgment creditors argue that Section 56.29 does not set forth the procedure to be followed in adding third party defendants to a supplementary proceeding. They contend, therefore, that in the absence of procedural requirements in Section 56.29 for adding third party defendants the Florida Rules of Civil Procedure govern. Fla.R. Civ.P. 1.010. Fla.R.Civ.P. 1.100(b) provides that an application for an order shall be by motion and Fla.R.Civ.P. 1.250(c) provides that parties may be added by motion of a party at any stage of an action on just terms. The judgment creditors conclude that the order appealed is correct because it complies with these Civil Rules. We do not agree.
*615 Although Section 56.29 does not prescribe the procedure for impleading third party defendants, the case law of our State established the proper procedure many years ago and it has been followed since then. Tomayko and Phoenix cases, supra. It is logical, fair and affords due process. We see no reason to change it.
The Civil Rules referred to by judgment creditors are applicable to prejudgment actions but are not applicable to this post-judgment supplementary proceeding and for good reason. The proposed third party defendants were not parties to the initial main action and many times would have no knowledge of it. Under these circumstances, at the least, the judgment creditors should establish a prima facie case, by testimony under oath, that the proposed third party defendants hold assets subject to their claim, and the proposed third parties should be given an opportunity to respond in writing before a hearing. Fair play dictates no less.
Even if we were to assume that the Civil Rules were applicable to this case, we would be compelled to reverse because the motion to implead and the order granting the motion were not served on the proposed third party defendants, only the defendant in the original action. In addition, the order did not state what claims the judgment creditors were making against the third party defendants nor were third party defendants given an opportunity to respond in writing to the claims alleged in the motion to implead.
In view of our disposition of this case, it is unnecessary that we discuss the other points raised by appellants.

JUDGMENT
The order appealed is reversed.
BOYER, Acting C.J., and ERVIN, J., concur.