PER CURIAM.
Appellee, Coral Springs Property Services, sued Pacesetter Builders, Inc., and obtained a final judgment.
The appellee filed a motion to amend the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b), claiming that it had recently discovered evidence that Pacesetter Builders, Inc. was also known as Pacesetter Builders-Joint Venture, Inc. The appellee asserted that the same people owned both entities, and were the officers and directors for both entities. Appellee served only Pacesetter Builders, Inc. with the motion to amend the final judgment. Appellant Pacesetter Builders-Joint Venture, Inc. was not served with either the motion to amend or the notice of hearing. The trial court granted the motion to amend, and entered an amended final judgment against appellant. We reverse.
The appellant correctly contends that it was deprived of its due process protections. The appellant was not served with process, not given an opportunity to file defenses, and not given an evidentiary hearing, although a hearing was held on the motion.
Appellant was entitled to be joined and to have its rights determined through due process, just as any other party or third party defendant. See State ex rel. Phoenix Tax Title Corp. v. Viney, 120 Fla. 657, 168 So. 57, 60 (1935); Juno By The Sea Condominium Apartments, Inc. v. Juno By The Sea North Condominium Association (The Tower), 419 So.2d 399 (Fla. 4th DCA 1982); Neff v. Adler, 416 So.2d 1240 (Fla. 4th DCA 1982); Wieczoreck v. H & H Builders, Inc., 450 So.2d 867 (Fla. 5th DCA 1984). Rule 1.540 may not be used to state a new cause of action in which liability for an existing judgment is extended to another party. See International. Advertising, Inc. v. Congress Enterprises, Inc., 187 So.2d 364 (Fla. 3d DCA 1966).
In Robert B. Ehmann, Inc. v. Bergh, 363 So.2d 613 (Fla. 1st DCA 1978), the court rejected the argument that Florida Rule of Civil Procedure 1.250(c), which provides that parties may be added by motion at any stage of an action on just terms, was authorization for a court, upon motion by a judgment creditor, to implead third parties. The court ruled:
The Civil Rules referred to by judgment creditors are applicable to prejudgment actions but are not applicable to this post-judgment supplementary proceeding and for good reason. The proposed third party defendants were not parties to the initial main action and many times would have no knowledge of it. Under these circumstances, at the least, the judgment creditors should establish a prima facie case, by testimony under oath, that the proposed third party defendants hold assets subject to their claim, and the proposed third parties should be given an opportunity to respond in writing before a hearing. Fair play dictates no less.
Id. at 615.
Here, appellant was never served with the motion to amend, and never received notice of the hearing. Notwithstanding the obvious ties between the entities, appellant could not be added as a post-judgment defendant without having an opportunity to defend itself, Therefore, we reverse the final judgment as to the appellant and remand for further proceedings.
ANSTEAD, WALDEN and STONE, JJ., concur.