HARRIS, Judge.
Appellants appeal an Order on Plaintiff’s Motion for Proceedings Supplementary directing appellant’s counsel to release $3,000.00 held in trust.
In 1982 appellants sold a 1979 Cadillac to Bruce Wood. The sale price was $3000.00 and Mr. Wood paid $1500.00 down. Appellants retained title to the automobile. The transaction eventually became the subject of litigation, and the trial court directed appellant to either return the money re *1193 ceived from Wood or deliver title to the vehicle. Appellant gave $3000.00 to his attorney to tender to Mr. Wood who rejected the tender.
In May 1984 appellant executed a promissory note to Barnett Bank and gave Barnett a security interest in the same 1979 Cadillac Seville. When appellant defaulted, Dependable Insurance Co., (Dependable) Barnett’s assignee, brought an action to recover on the note, and the trial court entered judgment against appellant. Dependable then sought to levy execution pursuant to Section 56.29, Florida Statutes on the $3000.00 held by appellant’s attorney, and the trial court directed appellant’s attorney to release the funds.
Jurisdictional prerequisites for supplementary post-judgment proceedings are a returned and unsatisfied writ of execution and an affidavit averring that the writ is valid and unsatisfied, along with a list of third persons to be impleaded. Wieczoreck v. H & H Builders, Inc., 450 So.2d 867 (Fla. 5th DCA 1984), affirmed, 475 So.2d 227 (Fla.1985); § 56.29(1), Fla.Stat. (1987). Ap-pellee concedes that the affidavit was not filed. Since the trial court did not have jurisdiction, it is not necessary to reach the remaining issues. We therefore reverse the appealed order and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DANIEL, C.J., and GOSHORN, J., concur.