557 So.2d 207 (1990)
TIMOTHY DUNN ASSOCIATES, INC., Etc., et al., Appellants,
v.
Arthur SELIGMAN, etc., et al., Appellees.
No. 89-908.
District Court of Appeal of Florida, Fifth District.
February 22, 1990.
Joerg F. Jaeger and Richard I. Wallsh, Katz, Jaeger & Blankner, Orlando, for appellants.
Harvey M. Alper, Massey, Alper & Walden, Altamonte Springs, for appellees.
GRIFFIN, Judge.
This is the appeal of an amended final judgment entered pursuant to proceedings supplementary.
In May of 1981, appellees sold all of the capital stock of Cross County Realty, Inc., a Florida corporation, to M. Timothy Dunn Realty, Inc., a Florida corporation, ("Dunn Realty") solely owned by M. Timothy Dunn ("Dunn"). Promissory notes were given by Dunn Realty to appellees in part payment of the purchase price. Subsequently, Dunn Realty changed its name to Foreign Investors Realty, Inc. ("Foreign Investors"). Foreign Investors failed to satisfy its obligations under the promissory notes, and on March 29, 1983, suit against Foreign Investors and Cross County was filed. In 1986, the case proceeded to jury trial and verdicts were returned on the complaint and the counterclaims. Judgment was entered on December 15, 1986.
The judgment was not satisfied, and on June 16, 1987, appellees, as judgment creditors, filed their motion for proceedings supplementary *208 to execution and for impleader of third parties, including Dunn and his wife and two Florida corporations wholly owned by Dunn, Timothy Dunn Associates, Inc. and Harvest Time, Inc. Timothy Dunn Associates, Inc. had been formed in 1982 and engaged in the real estate brokerage business. Harvest Time, Inc. was purchased by Dunn in 1984 and conducted a food distribution business. These four proposed new parties filed Motions to Strike/Motion to Dismiss/Motion for Protective Order seeking to defeat plaintiffs' Motion to Implead Third Parties.
On August 11, 1987, the trial court issued an Order denying the motions with the following exceptions:
2. The (Proposed) Third Party Defendants shall not at this time be required to participate in this cause in that they contend they have been joined prematurely as parties to this proceeding. However, the Court reserves the right, at the appropriate time, to require them, upon a proper showing, to participate herein as Third Party Defendants, service of process upon them having heretofore been obtained by the Plaintiffs.
3. The Plaintiffs' Motion for Proceeding Supplementary to Execution and for Impleader of Third Parties (With Supporting Affidavit) is granted except that as to the (Proposed) Impleaded Third Parties, the Court, as above-said, does not now require said parties to participate in this cause. Jurisdiction as to such issue and parties is reserved.
* * * * * *
7. Upon a proper showing to this Court, whether made before or after the proceedings before the Special Master, this Court may order the (Proposed) Third Party Defendants in execution to be deemed impleaded as parties to this proceeding supplementary to execution, process having heretofore been perfected upon them.
The trial court required the defendants in execution, but not the proposed third party defendants, to plead their defenses to the motion and to appear for examination before a Special Master.
On February 20, 1989, the Special Master conducted the trial. At the commencement of the trial, counsel for the third parties asked for and received from the Special Master confirmation that the trial court "cannot or will not order these third party defendants to do anything or will not enter an order affecting any property that they might have or property that might have been transferred to them." The Special Master indicated he would not recommend any order concerning the proposed third party defendants because he did not think they were "parties". At the conclusion of the hearing, however, the Special Master stated the following:
I'm not sure the evidence shows any transfers of assets with the exception of maybe a profit sharing plan. I don't know how much of that the company owned, if any. But I don't like people forming one corporation and hiding around behind it and hiding behind it and making money still and getting out of debts.
I don't think there's enough to hold Mr. Dunn personally liable because there's no evidence that he profited other than normal income.
* * * * * *
So I'm going to find that Mr. Dunn controlled all of these corporations and he was the man who made all the decisions for each corporation including the changing of money from one to the other if necessary, if it required it. I'm not going to find he transferred any of it to himself with intent to defraud the creditor.
I'm going to recommend to the court that the court enter a judgment against Timothy Dunn Associates and Harvest Time, Incorporated, Harvest Time Unlimited, Incorporated, for the amount of the judgment entered against Timothy Dunn Realty and Cross County Realty, Foreign Investors Realty in this case.
* * * * * *
I'm going to recommend to the court that he implead these two, that he has jurisdiction, he implead these two corporations, *209 and with the recommendation that he find once they are impleaded that they are liable because they are in effect, the alter ego of each other, each of them being the alter ego of Mr. Dunn or viceversa.
What I'm saying is, I think that by his manipulation of these corporations he has in effect taken the business of Cross County Realty and placed it over with the other corporation thereby depriving Mr. Seligman of his right to collect what was owed him. And how he does that pleading-wise it would [be] up to the court and the lawyers.
On April 21, 1989, the trial court issued an order adopting the Report and Recommendation of the Special Master dated March 3, 1989, formally impleading the appellants. On that same date, without further proceedings, the trial court filed an Amended Final Judgment entering judgment against appellants Dunn Associates and Harvest for the entire judgment amount with interest from August 20, 1986, plus an $875 Special Master's fee with interest from April 21, 1989. We reverse.
The procedure for impleading third party defendants has been established in this state by case law. There are two jurisdictional prerequisites: (1) a returned and unsatisfied writ of execution; and (2) an affidavit averring that the writ is valid and unsatisfied along with the identification of third persons to be impleaded. Tomayko v. Thomas, 143 So.2d 227 at 229-30 (Fla. 3d DCA 1962). When these jurisdictional criteria are met, a judgment creditor must establish a prima facie showing by testimony under oath that the proposed third party defendant holds assets subject to his claim. Wieczoreck v. H & H Builders, Inc., 450 So.2d 867, 871 (Fla. 5th DCA 1984); Robert B. Ehmann v. Bergh, 363 So.2d 613, 615 (Fla. 1st DCA 1978). Once this is done, the proposed third party defendant should be given an opportunity to respond in writing and then have a hearing before any judgment can be rendered that takes property held by him. Wieczoreck, 450 So.2d at 871-872; Ehmann, 363 So.2d at 615. See also Machado v. Foreign Trade, Inc., 544 So.2d 1061 (Fla. 3d DCA 1989).
In the present case, the proposed third party defendants had not responded in writing prior to the hearing before the Special Master. Moreover, the trial court's order expressly protected the proposed third parties from answering or participating in the case. Appellee argues that the substantial legal requirements were nevertheless met because the Special Master concluded that the appellant corporations had succeeded to the obligations of the debtor and that they were in effect "alter egos" of one another. Appellee also argues that the appellant corporations were de facto participants in the hearing as parties because their attorney was present at the hearing.[1] Nevertheless, neither the presence of counsel for the third party corporations at the hearing nor the presence of Mr. Dunn individually or in any or all of his corporate incarnations can cure the failure to notify the specific parties whose property is at risk that a hearing is being held on claims to which they may assert defenses, call witnesses, cross-examine and present evidence. Here, the third parties (and the appellees) were expressly told both by the court in its order and by the Special Master at the trial that these proposed third parties were not parties. We can appreciate the trial court's frustration that requiring a second hearing would be repetitious but we cannot say that a hearing conducted under circumstances in which everyone knows who the participants are and what is at risk would not be a very different event.
Taking into account the record developed by the Special Master the trial court should determine which third parties should be impleaded. They must then be given an opportunity to respond to the claims and have a proper hearing before any judgment *210 affecting property held by them may be rendered.
REVERSED and REMANDED with instructions.
COBB and PETERSON, JJ. concur.
NOTES
[1] The same law firm represented both the judgment debtors and the proposed third party defendants.