BOOTH, Judge.
This cause is before us on appeal from an order of the trial court rejecting a special master’s recommendation that appellant be permitted to implead various third parties in a proceeding supplemental to execution. For the following reasons, we reverse.
Appellant received a final judgment against appellees in early 1987 and sought proceedings supplementary to collect on that judgment. In late 1987, he amended his petition for proceedings supplementary to include a motion to implead further defendants. These defendants included various corporations which were either owned or controlled by Fred Bullard.
Bullard and his partner, Douglas Sped-ding, also organized, controlled, and ran the appellee partnerships. Appellee partnerships owned a football team in the short-lived United States Football League, which collapsed in 1986. Following that collapse, those partnerships were liable for various debts including refunds to season ticket holders. Primarily in order to pay those ticket holders back, appellees engaged in several financial transactions. These transactions included asset sales in late 1986.
Despite the fact that appellee Jacksonville Bulls Football, Ltd. specifically recognized appellant as a creditor in its partnership agreement, and despite that agreement’s assumption of up to $250,000 in liability to appellant and corresponding requirement that an accounting be performed prior to any partnership dissolution, appellant found that both appellees had divested themselves of all assets by the time he was able to execute on his judgment. Because those assets had been transferred from the Bullard and Spedding-controlled appellees *407 to other businesses that Bullard owned or controlled, appellant sought to implead those third-party businesses as the first step to voiding the transfers as fraudulent transactions. Appellant stressed that under the partnership agreement, Bullard was personally liable to the appellees for any unrefunded season tickets. He was not personally liable for the debt to appellant, and by using partnership assets to repay the ticket holders, he avoided using his own money to satisfy the obligations.
Although the special master found numerous indicia of fraud and recommended impleading the third parties, the trial court relied on the Third District Court of Appeal’s opinion in Jacksonville Bulls Football, Ltd. v. Blatt, 535 So.2d 626 (Fla. 3d DCA 1988), to reject the recommendations.
The same transactions at issue in Blatt were challenged by appellant sub ju-dice.[1] However, the trial court erred in relying on Blatt to rule on the instant merits at this stage of the proceedings. There are only two jurisdictional prerequisites for impleading third-party defendants in proceedings supplemental. These are (1) a returned and unsatisfied writ of execution, and (2) an affidavit averring that the writ is valid and unsatisfied, along with the identification of third parties to be impleaded. Timothy Dunn Associates, Inc. v. Seligman, 557 So.2d 207 (Fla. 5th DCA 1990), citing Tomayko v. Thomas, 143 So.2d 227 (Fla. 3d DCA 1962). Once those jurisdictional criteria are met, a judgment creditor must establish a prima facie showing that the proposed third parties hold assets subject to his claim. Dunn, supra, citing Wieczoreck v. H & H Builders, Inc., 450 So.2d 867 (Fla. 5th DCA 1984), and Ehmann v. Bergh, 363 So.2d 613 (Fla. 1st DCA 1978). The proposed third-party defendant should then be allowed to make a written response and have a hearing before any judgment affecting the property can be rendered. Dunn, supra, citing Wieczoreck and Ehmann, supra, and Machado v. Foreign Trade, Inc., 544 So.2d 1061 (Fla. 3d DCA 1989).
Third-party joinder was appropriate under the case law outlined above. As found by the special master, appellant made a prima facie showing that the property had been fraudulently transferred to the third-party defendants. The trial court erred in relying on Blatt, because that decision was rendered after Blatt’s prima facie showing triggered a full merits hearing. Such a hearing never occurred in the instant case. Moreover, the evidence sub judice was more substantial than that in Blatt. The partnership agreement was not available to the court in that cause.
Appellant met the jurisdictional prerequisites and established a prima facie case. Although we express no opinion on the ultimate outcome, appellant has established his right to proceed further. On remand, the trial court is instructed to implead the third parties recommended by the special master and conduct further appropriate proceedings.
THOMPSON and NIMMONS, JJ., concur.

. For a full description of the challenged transfers, see Jacksonville Bulls Football, Ltd. v. Blatt, 535 So.2d 626, 627-628 (Fla. 3d DCA 1988).