ALTENBERND, Judge.
Mary Rose Sullivan appeals a final order granting proceedings supplementary and enforcing a cost judgment rendered in favor of Dr. Musella. Mrs. Sullivan contends that the trial court did not have subject matter jurisdiction to hear Dr. Musella’s motion because he failed to support his motion with an affidavit under section 56.-29(1), Florida Statutes (1987). We affirm the final order because the failure to file the supporting affidavit did not deprive the trial court of subject matter jurisdiction. The affidavit is a condition precedent which can be waived by the failure to raise a timely objection.
In 1987, Dr. Musella obtained a cost judgment against Mrs. Sullivan as a result of his successful defense of her medical malpractice action. We affirmed the judgment on appeal. Sullivan v. Musella, 526 So.2d 719 (Fla. 2d DCA), review denied, 534 So.2d 401 (Fla.1988). After the appeal, Dr. Musella attempted to enforce the judgment. He obtained a writ of execution, which was placed on the sheriffs execution docket. Mrs. Sullivan, however, did not own any real property subject to levy and did not satisfy the judgment.
Between the announcement of the jury’s verdict and the entry of the cost judgment, Mrs. Sullivan loaned money to her son, John Sullivan. She received the money from the sale of her home. In return, John Sullivan gave his mother a promissory note for $35,369.81 with a ten percent interest rate. The note was payable in monthly *151 installments of $361.89 over an extended period.
Dr. Musella moved for proceedings supplementary against Mrs. Sullivan. Dr. Mu-sella also attempted to garnish the note payments that John Sullivan was making to his mother. In his motion for proceedings supplementary, Dr. Musella requested the trial court to award him a sufficient interest in the note to satisfy his cost judgment. As Dr. Musella admits, however, he failed to file a supporting affidavit stating that the execution was valid and outstanding. § 56.29(1), Fla.Stat. (1987).
The trial court held a single evidentiary hearing on the motion for proceedings supplementary and the petition for the writ of garnishment. At the hearing, Mrs. Sullivan did not state that the cost judgment had been satisfied, nor did she object to the lack of a supporting affidavit. The court granted the motion for proceedings supplementary and ordered Mrs. Sullivan to apply the future proceeds under her promissory note to the satisfaction of the cost judgment. The court also correctly denied the garnishment request because the payments on the installment note were current. Gieger v. Sun First Nat’l Bank of Orlando, 427 So.2d 815 (Fla. 5th DCA 1983).
On appeal, Mrs. Sullivan maintains that an affidavit under section 56.29(1) is a jurisdictional prerequisite for proceedings supplementary. See Nestor v. Dependable Ins. Co., 552 So.2d 1192 (Fla. 5th DCA 1989).[1] Relying on Nestor, Mrs. Sullivan concludes that Dr. Musella’s failure to file such a supporting affidavit renders the trial court’s order void for lack of subject matter jurisdiction and that she had no obligation to raise this defect in the trial court. We disagree with her interpretation of Nestor. The opinion in Nestor does not indicate whether the absence of an affidavit was raised and preserved in the trial court. We believe that the Nestor court used the concept of jurisdictional prerequisite to describe conditions precedent to jurisdiction rather than true subject matter jurisdiction.
Section 56.29(1), Florida Statutes (1987), states:
(1) When any sheriff holds an unsatisfied execution, the plaintiff in execution may file an affidavit so stating and that the execution is valid and outstanding and thereupon is entitled to these proceedings supplementary to execution.
The statute envisions the filing of an affidavit in support of a motion for proceedings supplementary. The statute, however, does not require such an affidavit in order to confer subject matter jurisdiction on the trial court. Thus, the affidavit is better viewed as a condition precedent, which can be waived by the failure to raise a timely objection.
We have previously stated that “there is a distinction between what falls within the subject matter jurisdiction of the court and what is required to invoke that jurisdiction. The use of the term ‘jurisdictional’ to describe each of these circumstances has led to confusion.” Solimando v. Int’l Medical Centers, H.M.O., 544 So.2d 1031 (Fla. 2d DCA), review dismissed, 549 So.2d 1013 (Fla.), 550 So.2d 467 (Fla.), 550 So.2d 467 (Fla.1989), 557 So.2d 866 (Fla.), 557 So.2d 866 (Fla.1990). See also Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926). In Solimando, we held that the plaintiff's failure to comply with a statutory prelitigation notice requirement did not deprive the trial court of subject matter jurisdiction to hear the medical malpractice action. In other cases, Florida’s courts have held that similar types of requirements do not affect the trial court’s subject matter jurisdiction. See Mikos v. Parker, No. 900-00720 (Fla. 2d DCA May 18, 1990) [15 F.L.W. D1380] (the plaintiff’s failure to attach a tax collector’s receipt to its complaint did not affect the court’s jurisdiction to hear the contested tax assessment action); State ex rel. Manatee County v. Kruysman, 475 So.2d 1007 (Fla. 2d DCA 1985), review denied, 486 So.2d 598 (Fla.1986) (the counterclaim- *152 ant’s failure to first present a written notice did not affect the court’s subject matter jurisdiction in the action against the sovereign); Florida Power & Light Co. v. Canal Auth. of Fla., 423 So.2d 421 (Fla. 5th DCA 1982), review denied, 434 So.2d 887 (Fla.1983) (the condemning authority’s failure to attach a resolution to its petition did not deprive the court of jurisdiction to hear the condemnation action).
We believe that this reasoning applies with greater force concerning a motion for proceedings supplementary because the trial court has already exercised personal jurisdiction over the parties and entered an enforceable final judgment. See Coral Contractors, Inc. v. Paul, 387 So.2d 554 (Fla. 5th DCA 1980) (“the court which renders the judgment retains jurisdiction over the supplementary proceedings”); Schwartz v. Capital City First Nat’l Bank, 365 So.2d 181 (Fla. 1st DCA 1978) (proceedings supplementary are a continuation of the same proceeding).
Affirmed.
FRANK, A.C.J., and PARKER, J., concur.

. See also Infante v. Jacksonville Bulb Football, Ltd., 559 So.2d 406 (Fla. 1st DCA 1990); Timothy Dunn Assocs. v. Seligman, 557 So.2d 207 (Fla. 5th DCA 1990); Wieczoreck v. H & H Builders, Inc., 450 So.2d 867 (Fla. 5th DCA 1984).