KHOUZAM, Judge.
In January 2009, the Estate of Arlene Townsend — the Appellee in these consolidated proceedings — brought an action for negligence and wrongful death against the nursing home in which Ms. Townsend spent the last years of her life, also naming as defendants various management entities and others.[1] Eventually an entity known as Trans Healthcare, Inc. (THI), remained as the only defendant.[2] THI was represented at trial by an attorney for the receiver appointed for THI by a court in Maryland.
After a default was entered against THI, a trial for damages ensued during which the estate presented evidence of the various financial relationships between THI and the sixteen business entities and individuals who are the Appellants in these proceedings. The jury found for the Estate, awarding $1.11 billion in damages, including $1 billion in punitive damages. The court entered a final judgment reflecting this award as against THI on July 29, 2013. Two days later, the estate filed a “motion to alter and amend the judgment to conform with evidence at trial.” The motion asked the court to add the sixteen Appellants to the final judgment pursuant to Florida Rule of Civil Procedure 1.530(g). The motion was served only on the attorney for the THI receiver, not on any of the sixteen Appellants. Later that same day the trial court, without soliciting responses or holding a hearing, granted the motion *911 and entered the amended final judgment at issue in these proceedings. The amended judgment added the sixteen Appellants as judgment debtors, jointly and severally liable for the damages award “based on the evidence adduced at trial” demonstrating that they were “the real parties in interest.” The sixteen new judgment debtors responded by filing, between them, seven petitions for writ of prohibition along with seven notices of direct appeal. This court consolidated each petition with the corresponding direct appeal and treated each pair as a direct appeal. Because we conclude that the trial court failed to acquire personal jurisdiction over the Appellants, we reverse.
The Appellants request various forms of relief, including quashal of the amended final judgment as to them. The Appellants’ arguments boil down to a cluster of related issues: that the trial court failed to obtain personal jurisdiction over them because they were not afforded the most fundamental elements of procedural due process — notice of and an opportunity to be heard on the Estate’s motion to alter and amend the judgment.
The requirements of notice and an opportunity to be heard before being bound by a judgment are of constitutional dimension. See, e.g., Richards v. Jefferson Cnty., 517 U.S. 793, 797 n. 4, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996) (“[A] State may not, consistently with the Fourteenth Amendment, enforce a judgment against a party named in the proceedings without a hearing or an opportunity to be heard .... ” (citations omitted)). As the Florida Supreme Court has summarized,
[procedural due process serves as a vehicle to ensure fair treatment through the proper administration of justice where substantive rights are at issue. Procedural due process under the Florida Constitution
guarantees to every citizen the right to have that course of legal procedure which has been established in our judicial system for the protection and enforcement of private rights. It contemplates that the defendant shall be given fair notice[ ] and afforded a real opportunity to be heard and defend [ ] in an orderly procedure, before judgment is rendered against him.
State ex rel. Gore v. Chillingworth, 126 Fla. 645, 657-58, 171 So. 649, 654 (1936) (citations omitted); accord, e.g., Fuentes v. Shevin, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972) (procedural due process under the fourteenth amendment of the United States Constitution guarantees notice and an opportunity to be heard at a meaningful time and in a meaningful manner).
Dep’t of Law Enforcement v. Real Prop., 588 So.2d 957, 960 (Fla.1991).
Notice serves as more than a notification to defendants, however; when the proper procedures are followed, it also brings a defendant under the personal jurisdiction of the court.[3] Generally, at the beginning of a lawsuit, notice to defendants is effected and personal jurisdiction over them achieved by service of process of the complaint. See Borden v. East- *912 European Ins. Co., 921 So.2d 587, 591 (Fla.2006) (“Service of process is the means of notifying a party of a legal claim and, when accomplished, enables the court to exercise jurisdiction over the defendant and proceed to judgment.”); Abbate v. Provident Nat’l Bank, 631 So.2d 312, 313 (Fla. 5th DCA 1994) (“Jurisdiction is perfected by the proper service of sufficient process.”). If, however, the litigant is conducting proceedings supplementary pursuant to section 56.29, Florida Statutes (2013), it is not necessary to file and serve a complaint.[4] See Fundamental Long Term Care Holdings, LLC v. Estate of Jackson ex rel. Jackson-Platts, 110 So.3d 6, 11 (Fla. 2d DCA 2012). But the motion contemplated by the statute is still required to bring late-stage defendants under the personal jurisdiction of the court. See § 56.29(2); Fundamental Long Term Care Holdings, LLC, 110 So.3d at 11. The statute also provides defendants an opportunity to be heard in the form of a hearing before a court or magistrate. § 56.29(2). Here, with service of the Estate’s motion to alter and amend effected only on THI’s receiver, the Appellants were not provided with either means of notice, and because the amended final judgment issued on the same day the motion was filed, the Appellants certainly were not provided “a real opportunity to be heard and defend [ ] in an orderly procedure.” State ex rel. Gore v. Chillingworth, 126 Fla. 645, 171 So. 649, 654 (1936) (citations omitted).
The Estate raises several arguments for the proposition that, in the posture in which the parties found themselves, an exception to the requirements of separate notice and opportunity to be heard exists. We reject each of these arguments. The Estate’s contentions are based primarily on the relationship between the Appellants and THI and its receiver, as reflected in the evidence adduced at trial. At some point after the lawsuit was filed, the Appellants entered into an agreement with the THI receiver under which a subset of the Appellants paid consideration to settle claims that THI had against third parties, including the Appellants themselves. The agreement also provided that another subset of the Appellants would finance the defense of the THI receiver in court, a provision that encompassed the defense of the present lawsuit. The THI receiver assigned to the Appellants the receiver’s work-product and attorney-client privileges. However, there is nothing in the agreement that requires the Appellants to assume any liabilities associated with the present lawsuit. From this and other facets of the relationships among the parties,[5] the Estate asserts that the Appellants were the “real parties in interest” and the THI receiver’s “nominee.” As such, the Estate argues, the Appellants were on notice of their potential liability before the Estate served its motion to alter and amend the judgment and were, in any event, placed on notice by service of the motion on the THI receiver.
The Estate relies heavily on section 41 of Restatement (Second) of Judgments (1982), which states that “[a] person who is not a party to an action but who is represented by a party is bound by and entitled to the benefits of a judgment as though he were a party” and that “[a] person represented by a party to an action is bound by *913 the judgment even though the person himself does not have notice of the action, is not served with process, or is not subject to service of process.” This argument fails, however, because the Restatement “deals with the preclusive effects of judgments in civil actions” — res judicata, collateral estoppel, and so on. Restatement (Second) of Judgments, Introduction (emphasis added). As a federal appeals court has explained:
The [appellant’s] reliance on the Restatement is misplaced. What the drafters of the Restatement meant when they suggested that an unnamed, unserved partner who participates in a defense of the partnership may be “bound” by a judgment against the partnership is that such a partner may be collaterally es-topped from relitigating decided issues in a subsequent litigation, not that the partner’s participation in the defense of the partnership somehow converts a judgment against the partnership into a judgment against the partner.
Valley Nat’l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1337 (9th Cir.1997) (emphasis added) (construing § 60 of Restatement (Second) of Judgments).[6] Clearly, the present lawsuit does not concern the preclusive effect on anyone of a prior judgment.
Additionally, the relationships between THI and the Appellants do not obviate the need for separate notice and opportunity to be heard. In Pacesetter Builders-Joint Venture, Inc. v. Coral Springs Property Services, Inc., 531 So.2d 1061 (Fla. 4th DCA 1988), for example, despite the fact that a final judgment had been entered against “Pacesetter Builders, Inc.” the Fourth District held that a motion to amend final judgment to include “Pacesetter Builders — Joint Venture, Inc.” was improperly granted when the motion was not served on the latter entity, even though the same individuals owned and were officers of both companies. In reversing the order that granted the motion, the court noted that
[t]he appellant correctly contends that it was deprived of its due process protections. The appellant was not served with process, not given an opportunity to file defenses, and not given an eviden-tiary hearing, although a hearing was held on the motion_ Notwithstanding the obvious ties between the entities, appellant could not be added as a post-judgment defendant without having an opportunity to defend itself.
Id. at 1062 (emphasis added). The fact that some of the Appellants may have been aware of the litigation and even “controlling” or financing it likewise does not mean that the basic requirements of due process could be avoided. See Nelson v. Adams USA, Inc., 529 U.S. 460, 470-72, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000) (holding that an individual sought to be held liable for attorney’s fees after the original plaintiff had been ordered to pay the fees has “the right to contest on the merits his personal liability for” such an award, even when the individual was the president and sole shareholder of the plaintiff, was the “effective controller” of the litigation, and personally appeared as a witness at a hearing).
Indeed, even a named plaintiffs stipulation that it should be considered one and the same as another entity is not sufficient to give a court jurisdiction over that entity. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 108-12, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969) (holding that a named plaintiffs *914 stipulation that it and its parent corporation should be considered one and the same for purposes of the litigation did not give the court jurisdiction over the parent corporation where the parent corporation was not a named party, was never served, did not formally appear at trial, and had not executed the stipulation — the plaintiffs attorney, who was also an officer of the parent corporation, had signed the stipulation but did not specify that he was signing on the parent corporation’s behalf). Consequently, at least the basic elements of due process were required to bring these Appellants — who did not so stipulate — under the jurisdiction of the court.
As a separate argument, the Estate asserts that Florida Rule of Civil Procedure 1.530(g), under which the motion to alter and amend the judgment was brought, permitted the Estate to add other parties to the final judgment. In full, this paragraph provides as follows:
Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment, except that this rule does not affect the remedies in rule 1.540(b).
Fla. R. Civ. P. 1.530(g).[7] This rule cannot bear as much weight as the Estate would like it to. The Estate cites no case law, and we could locate none, that would permit a plaintiff to use this rule to amend a judgment to add defendants without providing the new parties with separate notice and opportunity to be heard. Cf. Acquisition Corp. of Am. v. Am. Cast Iron Pipe Co., 543 So.2d 878, 881 (Fla. 4th DCA 1989) (“While Florida Rule of Civil Procedure 1.190(b) permits amendments to pleadings to conform to the evidence at trial, there is no authority to add a new party defendant to a claim to conform to the evidence.”).
Because there would appear to be no exception allowing a plaintiff to bring persons under the purview of a final judgment without providing at least the basic, minimal due process requirements of notice and an opportunity to be heard, the trial court never gained jurisdiction over the Appellants. We therefore reverse the amended final judgment to the extent that it holds the Appellants hable under the judgment, and we remand for further proceedings consistent with this opinion.
Reversed and remanded, with instructions.
NORTHCUTT and CASANUEVA, JJ, Concur.

. With one exception, the Appellants were not named as defendants in the trial court. Appellant THI Holdings, LLC, in appeals 2D 13-3743 and 2D 13-4276, was originally a defendant but, by stipulation of the parties and subsequent court order, was severed from the trial and stricken from the docket. For purposes of this opinion, THI Holdings, LLC, is not treated any differently from the other Appellants.

. THI was apparently one company in a series of layers of nursing home management entities. See Gen. Elec. Capital Corp. v. Nunziata, 124 So.3d 940 (Fla. 2d DCA 2013) (addressing related entities).

. Additionally, two inquiries must be made regarding personal jurisdiction over a nonresident: whether "the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the [long-arm] statute; and if it does, ... whether sufficient 'minimum contacts' are demonstrated to satisfy due process requirements." Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989) (quoting Unger v. Publisher Entry Serv., Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987)). Although the Appellants appear to be nonresidents of Florida, none of the parties discuss these elements of personal jurisdiction and due process, so they do not enter into our analysis.

. We do not intend to suggest what remedies, if any, may be available to the Estate after remand. Additionally, our opinion should not be taken to imply any comment on the merits of the underlying dispute between the Estate and the Appellants.

. This brief summary does not reflect the complexity of the relationships that the need for such an agreement might imply.

. The case law cited by the Estate to support this argument also concerns preclusive effect, not direct postjudgment "binding” of additional defendants.

. There is no dispute that service of the motion was timely.