PER CURIAM.
In these consolidated appeals, Lillian E. Billewicz (Ms. Billewicz) challenges three orders entered in the circuit court: (1) an order denying her motion to intervene in an action for the dissolution of the marriage of Robert Billewicz and Julia Mac-Rae-Billewicz; (2) an order quashing a quitclaim deed executed by Robert Billew-icz purporting to transfer property commonly known as 165 Sunrise Court, Naples, Florida, to Lillian E. Billewicz; and (3) an order denying Ms. Billewicz’s motion to “intervene regarding joint motion of Julia MacRae-Billewicz and Marcus MacRae, Executor of the Estate of Robert Warren Billewicz, to finalize title to the Canadian condominium.” We find no reversible error in any of the three orders entered by the circuit court. Accordingly, we affirm the circuit court’s orders.
Nevertheless, we note that the order quashing the deed to the Sunrise Court property in Naples states that the “[o]wn-ership of said real estate is now held by MARCUS MACRAE, duly appointed Executor of the Estate of Robert W. Billew-icz.” We also note that additional language appearing in an order denying one of Ms. Billewicz’s multiple motions to intervene states that the Canadian condominium “belongs solely to Julia MacRae-Billewicz and is not subject to any claim of Lillian E. Billewicz.” To the extent that Lillian E. Billewicz has claims to these properties, we regard this language as sur-plusage. The circuit court never entered an order authorizing Ms. Billewicz to intervene in the proceedings below, and she never became a party to the litigation. Thus Ms. Billewicz never had notice or an opportunity to be heard on her claims to ownership of the Sunrise Court property and the Canadian condominium, and the circuit court had no personal jurisdiction over Ms. Billewicz to adjudicate her claims to these properties. It follows that the circuit court’s rulings about the ownership of or title to the Sunrise Court property and the Canadian condominium are not binding on Ms. Billewicz. See Gen. Elec. Capital Corp. v. Shattuck, 132 So.3d 908 (Fla. 2d DCA 2014). Undoubtedly, Ms. Billewicz may pursue her claims to these properties in an appropriate forum.
Affirmed.
ALTENBERND, WALLACE, and MORRIS, JJ., Concur.