[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15055
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-00615-JDW-MAP; 8:11-bkc-22258-MGW


In Re: ARLENE ANNE TOWNSEND,

                                                                        Petitioner.
_____

ARLENE ANNE TOWNSEND,

                                                                        Plaintiff-Appellant,

versus

RUBIN SCHRON,

                                                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 9, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

The Estate of Arlene Anne Townsend (the "Estate") petitioned the Middle District of Florida for a writ of mandamus as part of the Estate's ongoing efforts to compel the district's bankruptcy court to remand a pending motion to the Florida state court system. The district court denied the Estate's petition for this "extraordinary remedy." After full consideration of the parties' arguments, we conclude for the reasons discussed below that the petition was properly denied and that the decision of the district court is due to be AFFIRMED.

## I.    Background

Although the full history of this litigation is quite lengthy, as relevant here the procedural posture is relatively straightforward. The Estate initially brought suit against Trans Healthcare, Inc. ("THI") for wrongful death in a Florida state court. When THI failed to appear, a default was entered and the issue of damages was tried before a jury, which resulted in a $1.1 billion judgment against THI. The Estate then attempted to alter the judgment against THI by filing a Motion to Alter or Amend the Judgment ("Motion to Amend")—which sought to add sixteen "real parties in interest," including defendant-appellant Rubin Schron ("Schron").[1] In a decision that was ultimately reversed by a state appellate court, see Gen. Elec.

---

[1] The Estate has subsequently settled its claims with the other fifteen parties it sought to add through the Motion to Amend for $23 million.

2

Capital Corp. v. Shattuck, 132 So. 3d 908, 911 (Fla. 2d DCA 2014), the trial court granted this motion ex parte on the same day it was filed.

On remand from the state appellate court, the purported real parties in interest removed the Motion to Amend to the bankruptcy court for the Middle District of Florida, invoking subject matter jurisdiction on the grounds that the motion was "related to" the ongoing Chapter 7 bankruptcy of Fundamental Long Term Care, Inc. ("FLTCI"). In re Fundamental Long Term Care, Inc., No. 8:11-bk-22258-MGW (Bankr. M.D. Fla.). The Estate then moved to remand the Motion to Amend to the Florida court and the bankruptcy court denied the request. On a renewed motion to remand, the bankruptcy court conducted a hearing and concluded that, although the underlying wrongful death action remained with the state court, the Motion to Amend had been properly removed and again denied the motion to remand.

The Estate then petitioned the district court for a writ of mandamus, seeking to compel a remand of the Motion to Amend. After full briefing, the district court concluded that the Estate's "right to the writ [wa]s not clear and indisputable" and that the Estate "ha[d] adequate alternatives to obtain relief." Accordingly, the district court denied the petition on each of these two independent grounds. This appeal followed.

3

## II.    Standard

The writ of mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes." Cheney v. U.S. Dist. Ct. for the Dist. of Columbia, 542 U.S. 367, 380, 124 S. Ct. 2576, 2586–87 (2004) (including among these causes "a judicial usurpation of power" or a "clear abuse of discretion"); see also In re Wellcare Health Plans, Inc., 754 F.3d 1234, 1238 (11th Cir. 2014) (quoting Cheney). The writ may issue only upon the satisfaction of three conditions. First, in order to ensure that it does not displace the traditional appeals process, "the party seeking issuance of the writ must have no other adequate means to attain the relief he desires." Cheney, 542 U.S. at 380–81, 124 S. Ct. at 2587.  Second, the petitioner's right to issuance of the writ must be "clear and indisputable." Id. at 381, 124 S. Ct. at 2587. Finally, if the first two requirements are met, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." Id. We review the denial of a petition for the writ for abuse of discretion and will reverse only if the district court "base[d] its decision on findings of fact that are clearly erroneous" or if it "misappl[ied] the law to such findings." In re Stewart, 641 F.3d 1271, 1275 (11th Cir. 2011).

## III.    Discussion

As an initial matter, we have no trouble concluding that the avenues of review available to the Estate—rather than being uniquely limited as they would

4

have us believe—are commensurate in scope and quantity to those of any other litigant who has lost an interlocutory motion. Chief among the "adequate means" available to the Estate at this juncture would have been a request, under 28 U.S.C. § 158(a), for leave to file an interlocutory appeal. The Estate directs us to several cases where the requested leave was denied by the district court as evidence that such action would have been "futile" and, by extension, inadequate. But in making this argument the Estate conflates a likelihood of success on the merits with the adequacy of the available forum. The Estate has presented no authority, nor are we aware of any, to suggest that simply because a litigant is unlikely to succeed, an otherwise viable avenue of review is foreclosed. See Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1284–85 (11th. Cir. 2014) (William Pryor, J., concurring) ("[T]he adequacy of an appeal, in lieu of a petition for a writ of mandamus, does not depend on whether the petitioner is likely to win his appeal. Instead, we ask only whether his claim is addressable in an appeal."). It would be a strange result indeed—and one we will not sanction here—to provide an end-run around the traditional litigation and appeals process, simply because a party does not like the expected outcome of that process.

Moreover, as the district court noted, the Estate had a second available avenue: review of the denial for remand after entry of a final judgment by the bankruptcy court. The Estate argues that the bankruptcy court's decision to

withhold a ruling on the Motion to Amend until its decision to enjoin all claims against Schron[2] is reversed by an appellate court renders the timetable for final judgment on this motion "indefinite." But this argument fails in at least two respects. First, without an appellate decision reversing the bankruptcy court's injunction of real-party-in-interest proceedings against Schron, the question of whether the Motion to Amend should be remanded is undeniably moot. Second, indefinite is not the same thing as inadequate. It may be true that the bankruptcy court's decision has postponed the final resolution of the motion to some unknowable date in the future, but the writ of mandamus has never existed to permit a party to skip the normal course of litigation and proceed directly to appellate review as though from a final judgment. See In re BellSouth Corp., 334 F.3d 941, 954 (11th Cir. 2003) ("The mere possibility that a litigant might have to re-litigate a case is not a sufficiently compelling interest to warrant immediate review."); see also Maloney v. Plunkett, 854 F.2d 152, 154–55 (7th Cir. 1988) ("[O]rdinarily the inconvenience, lost time, and sunk costs of such further proceedings as could have been avoided by correcting the trial judge's error are not considered the kind of irremediable harm that will satisfy the stringent requirements for issuing a writ of mandamus.").

---

[2] In In re Fundamental Long Term Care, Inc., 527 B.R. 497, 517 (Bankr. M.D. Fla. Mar. 20, 2015), the bankruptcy court enjoined the Estate from pursuing any claims against Schron as a real party in interest.

Even assuming that the Estate had no other adequate means to attain the relief it seeks, we are also unable to conclude that a right to the issuance of the writ was "clear and indisputable." The Estate argues primarily that the Motion to Amend was improperly removed because it was not "related to" a Chapter 7 bankruptcy and that, therefore, the bankruptcy court did not have subject matter jurisdiction at the time of removal. A proceeding is related to a bankruptcy if " 'it could conceivably have an effect on the estate' [and] the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) [or] in any way impact[] upon the handling and administration of the bankrupt estate." Matter of Lemco Gypsum, Inc., 910 F.2d 784, 788 (11th Cir. 1990) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)). Because the key word in this test is "conceivably," we have repeatedly noted that the "jurisdictional grant [is] extremely broad." In re Toledo, 170 F.3d 1340, 1344 (11th Cir. 1999). We have no trouble concluding that the district court did not abuse its discretion when it found that the Motion to Amend could conceivably alter the rights and liabilities of the debtor (FLTCI) in this case. Not only has the Motion resulted in a settlement of $23 million payable to the debtor for disbursement in accordance with the terms of the bankruptcy, but the Estate has also repeatedly argued that several of the real parties in interest it sought to add with its Motion to Amend are, in fact, alter egos of the debtor. While we need not

7

decide whether the bankruptcy court's exercise of jurisdiction was, in fact, proper, the district court certainly did not abuse its discretion in finding that the Estate's right to relief was not clear and indisputable. Accordingly, even if there were no adequate means of alternative relief available, the Estate would still not be entitled to issuance of the writ.

## IV.    Conclusion

Based on the foregoing, the district court's denial of the Estate's petition for a writ of mandamus was clearly not an abuse of discretion. The Estate had adequate alternative means to obtain relief and its right to the writ was neither clear nor indisputable. Accordingly, the decision of the district court is AFFIRMED.

**AFFIRMED.**