In the Matter of Supplementary Proceedings: JACOB BECKER, Appellant, v. SAM ROMANZO, Defendant.

FITZGERALD BROS. CONSTRUCTION COMPANY, INC., Third Person, Respondent.

Third Department, June 27, 1935.

*Alfred D. Dennison* [*Allen H. Pulsifer* of counsel], for the appellant.

*Mackrell & Ranney* [*John J. Mackrell* of counsel], for the respondent.

RHODES, J. In 1933 Fitzgerald Bros. Construction Company, Inc., was the general contractor under a contract for the construction of a highway for the State of New York. The contractor sublet the work for the trucking of sand and stone to one Sam Romanzo. In September, 1933, Romanzo abandoned his subcontract, at which time there was due him thereon from the general contractor a considerable sum. There is no dispute that the general contractor shortly thereafter received from the State, and held in its hands said sum of money due from it to the subcontractor. The plaintiff herein having obtained a judgment against said subcontractor and an execution thereon having been returned unsatisfied, obtained an order on September 30, 1933, for the examination of the general contractor in proceedings supplementary to execution. The order for examination contained the usual clause restraining the general contractor from making any transfer or other disposition of the property of the judgment debtor in the hands of said general contractor. At that time there were no liens filed against said fund.

Upon the examination pursuant to said order it developed that the general contractor owed said subcontractor over $1,200, and an application was thereupon made in behalf of plaintiff herein for the appointment of a receiver of the property of said subcontractor. An affidavit in opposition was presented, sworn to by the president of the general contractor, whereby it appeared that certain liens had been filed against the moneys to the credit of the general contractor, which liens arose out of contracts between the lienors and the said subcontractor, the first of said liens having been filed on October 5, 1933, the last one having been filed on

March 15, 1934, the aggregate amount of said liens claimed being over $2,500; that on or about the 21st day of May, 1934, an action had been brought by one of the lienors to foreclose his said lien in which action the State of New York, the general contractor and the said subcontractor were named as defendants; that upon motion of the general contractor an order had been made at Special Term about August 31, 1934, directing the bringing in of certain other lienors as parties defendant; that pursuant thereto said lienors had been made parties defendant and that said action was at issue and on the calendar for trial.

Upon these facts the court below denied the application of plaintiff for the appointment of a receiver and from such order of denial this appeal comes to us.

The filing of notices of liens by the respective lienors did not, of course, establish the correctness or validity of such asserted liens. The general contractor and the subcontractor, as parties to the foreclosure action, had the right to attempt to controvert these claims. Clearly, the general contractor and the subcontractor were proper parties to such an action. (Lien Law, § 44.)

The commencement of supplementary proceedings by the plaintiff herein gave him an interest in the nature of a lien upon the equitable assets of his debtor. (*Reynolds* v. *Ætna Life Ins. Co.*, 160 N. Y. 635.)

Upon the appointment and qualification of a receiver in supplementary proceedings herein, the title of the receiver would have extended to the personal property belonging to the subcontractor in the hands or under the control of the general contractor; such receiver's title would have related back to the time when the order of examination was served in the supplementary proceedings, and the equitable lien then established would, by his appointment, have vested in him title to the property of the judgment debtor, subject, of course, to any valid liens thereon. (Civ. Prac. Act, § 810, subd. 2; *Ward* v. *Petrie*, 157 N. Y. 301; *Armstrong* v. *McLean*, 153 id. 490; *Wrede* v. *Gilley*, 132 App. Div. 293.)

If a receiver had been appointed, it would have been proper to permit him to intervene as a party to the foreclosure action, and defend his title to the funds against the asserted liens. Undoubtedly this right of intervention would have been his irrespective of statute, and is now plainly indicated by the provisions of section 44 of the Lien Law.

The plaintiff, as a judgment creditor, apparently has exercised diligence in attempting to enforce his claim. He should not be deprived of the means of effectively asserting and litigating his right to the fund in question. Without the aid of a receiver herein,

plaintiff is deprived of the advantages as to title and method of procedure with which he properly should be armed and equipped.

The order denying the application for the appointment of a receiver should be reversed on the law and facts, with costs, and the application granted, with costs.

HILL, P. J., McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.