511 So.2d 717 (1987)
Horace WHIGHAM, Appellant,
v.
Wallace W. MUEHL, Helen Muehl, and Mama's of North Florida, Inc., Appellees.
No. BN-85.
District Court of Appeal of Florida, First District.
August 24, 1987.
John A. Ratzlaff, of Trammell & Ratzlaff, Marianna, for appellant.
Glenn L. Hess and Brian D. Hess, Panama City Beach, for appellees.
NIMMONS, Judge.
Appellant, Horace Whigham, appeals from an order on supplementary proceedings in which the trial court denied his motion to order the sale of homestead property. We reverse and remand.
Appellant sued appellees (Mr. and Mrs. Muehl, and Mama's of North Florida, Inc.) on various grounds pertaining to the Muehls' solicitation of funds from Whigham in connection with the Muehls' establishment of a restaurant business. Essentially, Whigham's complaint was based upon fraudulent inducement to invest, violations of Securities Exchange Act of 1934, violation of fiduciary duty, and refusal to allow inspection of corporate books in violation of Section 607.157, Florida Statutes. After a nonjury trial, judgment was entered in favor of appellant as to the claims against Mr. Muehl and the corporate defendant, Mama's of North Florida, Inc., but against appellant as to the claims against Mrs. Muehl. On an earlier appeal, this court reversed that portion of the order exonerating the wife but otherwise left the judgment intact. Whigham v. Muehl, 500 So.2d 1374 (Fla. 1st DCA 1987).[1]
During the pendency of the earlier appeal, appellant instituted supplementary proceedings under Section 56.29, Florida *718 Statutes.[2] He sought an order directing sale of property which Mr. Muehl claimed was exempt as homestead property. In the supplementary proceedings, appellant took the position that many of the funds obtained from appellant for the Muehls' business enterprise were actually used to improve the property claimed by Mr. Muehl as homestead property and that appellant was entitled to an equitable lien against such property.
After an evidentiary hearing, the trial court entered an order denying relief for the express reason that the appellant was not entitled to establish an equitable lien in the supplementary proceedings because appellant had not asserted a cause of action in the underlying suit based upon an equitable lien theory.
An equitable lien will not be awarded against homestead property in the absence of fraud or reprehensible conduct. Clutter Construction Corp. v. Clutter, 173 So.2d 761 (Fla. 3rd DCA 1965); Ryskind v. Robinson, 302 So.2d 427 (Fla. 1974). Although the appealed order contains no such finding, the conduct of the defendant might be susceptible to such a finding had the trial court considered the point. Instead, the court ruled that appellant could not, as a matter of law, proceed on such a theory in supplemental proceedings. We disagree.
Equitable liens have been applied in a number of circumstances in supplementary proceedings in Florida and foreign jurisdictions. First, where the judgment debtor is involved in litigation which might produce some assets for him, the judgment creditor is sometimes entitled to receive an equitable lien in the proceeds of the cause of action. See Haynes v. Hawkeye Sec. Ins. Co., 579 S.W.2d 693 (Mo. App. 1979). Second, where other creditors have claims which would normally have a higher priority than the creditor instituting the supplementary proceedings, the latter creditor is sometimes said to have an equitable lien, and therefore a higher priority, in assets he discovers through supplementary proceedings because he is a diligent creditor. See Salina Mfg. Co. v. Diner's Club, Inc., 382 So.2d 1309 (Fla. 3d DCA 1980); Becker v. Romanzo, 245 A.D. 185, 281 N.Y.S. 317 (N.Y.A.D. 1935).
The appellees' position seems to be that both of these circumstances differ from the instant case in that in the former the equitable lien arises out of circumstances occurring after or apart from the proceeding which produced the underlying judgment. They would argue that the same facts needed to prove the underlying cause of action are relied upon in the supplementary proceedings. Therefore, they say, res judicata bars relitigation of those issues.
Appellant argues that in the initial proceeding appellant did not, and was not required to, assert a cause of action based upon an equitable lien. We agree. Although the allegations in the original action related to misrepresentations about the nature of appellees' business and appellees' refusal to allow appellant to see the books of the business, none of the claims asserted by appellant in the underlying action involved a showing that the money solicited from appellant was used to improve certain real estate of the Muehls.
The doctrine of res judicata does not bar appellant's assertion of an equitable lien in the instant case. There is no identity of causes of action, one of the identities necessary for the application of res judicata. See, e.g., Albrecht v. State, 444 So.2d 8 (Fla. 1984).
Neither is there any procedural bar to consideration of the claim of an equitable lien in a Section 56.29 supplementary proceeding. We know of no reason why such a proceeding may not be used to assert entitlement to an equitable lien against certain property of the judgment debtor.
The appealed order is Reversed and the cause is Remanded to the trial court for further proceedings consistent with this opinion. Such further proceedings may include, *719 in the trial court's discretion, allowance of amendments to the supplementary proceeding pleadings and the taking of additional testimony if necessary.
SHIVERS and BARFIELD, JJ., concur.
NOTES
[1] The facts and circumstances surrounding the underlying claims are fully set out in Judge Joanos' opinion in the first appeal.
[2] No question was raised in the trial court or here concerning the right of appellant to institute a Section 56.29 supplementary proceeding during the pendency of the appeal from the underlying judgment.