HARRIS, Judge.
Patricia A. Ruddy timely appeals the denial of a motion to quash process. In October 1988 the court entered a final judgment dissolving the marriage of Karen Sue Ash-ton and Robert Lester Ashton. As part of the property distribution the wife received *558 the bank holding company stock, and the husband received the insurance agency stock. The net difference in the value of the stock was to be paid to the wife in installments, and to secure the unpaid balance, the wife was given a lien upon the stock of the insurance agency and all assets acquired by the husband during the pendency of the action.
In January 1989 the court entered an Order on Motion for Contempt finding that the husband had failed to pay the money due and awarding the wife a judgment for the arrearage. After obtaining a writ of execution, the wife filed a Motion for Imposition of Lien and for Interpleader of Third Party alleging that in December 1985 the husband acquired certain real property and placed title in the name of Michael B. Jones, P.A. which conveyed the property to Patricia A. Ruddy five days before entry of the final judgment of dissolution of marriage. The court granted the motion. Appellee then filed a Motion for Proceeding Supplementary to Execution and Impleader of Third Party supported by an affidavit stating that a writ of execution was outstanding and unsatisfied and that the statements in the motion were true.
The court found that impleader was proper and ordered appellant to respond to the motion. A summons, copy of the order, and copy of the motion were served on appellant. Appellant responded with a motion to quash process which the court denied and which we now review.
Appellant argues that the motion to quash service should have been granted because she was improperly impleaded and because appellee failed to establish a prima facie case by testimony under oath that she holds assets subject to appellee’s claim. Appellee argues that due process requirements were satisfied by service of the Order for Proceedings Supplementary to Execution and for Impleader of Third Party.
Supplementary proceedings are governed by section 59.29, Florida Statutes. The procedure for adding third party defendants in supplementary proceedings was announced in Robert B. Ehmann, Inc. v. Bergh, 363 So.2d 613 (Fla.1st DCA 1978), and has been followed by other courts. See, e.g., Wieczoreck v. H & H Builders, Inc., 450 So.2d 867 (Fla.5th DCA 1984), affirmed 475 So.2d 227 (1985) and Coloso Boat Corp. v. Souza, 492 So.2d 1100 (Fla.4th DCA 1986).
The trial court should conduct an examination of the judgment creditor or appoint a master to do this for it. Section 56.29(2), Florida Statutes. If the examination of the judgment creditor establishes the judgment creditor’s claim to property in the hands of third parties, the trial court should issue an order to show cause setting forth the findings of specific assets or transactions to which the third parties can respond in writing prior to further proceedings. [Citations omitted.]
Ehmann at 614.
The court expressly rejected the argument now being made by appellee that the application for the order could be by motion and held that judgment creditors should establish a prima facie case, by testimony under oath, that the proposed third party defendants hold assets subject to their claim. Ehmann at 614. This language was adopted by this court in Weic-zoreck. Id. at 871. The party seeking supplementary proceedings is responsible for ensuring compliance with the procedures. Conway Meats, Inc. v. Orange Avenue Partnership, 440 So.2d 674, 676 (Fla.1st DCA 1983).
Appellee did not follow the Ehm-ann procedures. She filed an unverified Motion for Imposition of Lien and Inter-pleader of Third Party alleging that the husband acquired certain real property, that he titled the property in the name of Michael B. Jones, P.A. to conceal his ownership and to hinder and delay appellee’s collection of sums due under the final judgment, and that upon her discovery of the fraudulent conveyance, the husband directed Michael B. Jones, P.A. to convey the property to appellant. The trial court did not examine appellee and no affidavit supporting the motion was submitted. Since appellee failed to follow the appropriate procedure to implead a third party defen *559 dant in supplementary proceedings, the motion to quash should have been granted.
REVERSED and REMANDED for further proceedings consistent with this opinion.
DANIEL, C.J., and GOSHORN, J., concur.