579 So.2d 850 (1991)
EXCELETECH, INC., Appellant,
v.
S.W. WILLIAMS, et al., Appellees.
No. 90-1716.
District Court of Appeal of Florida, Fifth District.
May 16, 1991.
John R. Stump of Frith & Stump, P.A., Orlando, for appellant.
Robert J. Pleus, Jr., and Richard D. Connor, Jr., of Pleus, Adams & Spears, P.A., Orlando, for appellee S.W. Williams.

EN BANC OPINION
COBB, Judge.
Exceletech, Inc. contends that it was improperly impleaded as a party to proceedings supplementary and that the trial court erred in denying its motion to quash service of process upon it. We have jurisdiction of this appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(4). See Mogul v. Fodiman, 406 So.2d 1225 (Fla. 5th DCA 1981).
In its brief the appellant contends:
As a matter of law, prior to impleading any party, the trial court should conduct an examination of the judgment creditor or appoint a Master to do this for it. Section 56.29(2), Florida Statutes. If the examination of the judgment creditor establishes the judgment creditor's claim to property in the hands of third parties, the trial court should then issue an Order to Show Cause setting forth the findings of specific assets or transactions to which the third parties can respond in writing prior to further proceedings. Ehmann, supra. at 614.
Exceletech argues that the trial court should have quashed service of process on it because the judgment creditor below, Williams, did not follow the procedure for adding third party defendants in proceedings supplementary as announced in Robert B. Ehmann, Inc. v. Bergh, 363 So.2d 613 (Fla. 1st DCA 1978). Exceletech urges that we followed Ehmann in two prior opinions: Ruddy v. Ashton, 554 So.2d 557 (Fla. 5th DCA 1989) and Wieczoreck v. H & H Builders, Inc., 450 So.2d 867 (Fla. 5th *851 DCA 1984), aff'd, 475 So.2d 227 (1985).[1] We also adhered to Ehmann in Timothy Dunn Associates, Inc. v. Seligman, 557 So.2d 207 (Fla. 5th DCA 1990).
Ehmann, as contended by the appellant, is directly on point and supports its argument. Therein, the First District interpreted section 56.29, Florida Statutes (1977),[2] which provided in pertinent part:
56.29 Proceedings Supplementary. 
(1) When any sheriff holds an unsatisfied execution, the plaintiff in execution may file an affidavit so stating and that the execution is valid and outstanding and thereupon is entitled to these proceedings supplementary to execution.
(2) On such plaintiff's motion the court shall require the defendant in execution to appear before it or a master at a time and place specified by the order in the county of the defendant's residence to be examined concerning his property.
* * * * * *
(6)(b) When any gift, transfer, assignment or other conveyance of personal property has been made or contrived by defendant to delay, hinder or defraud creditors, the court shall order the gift, transfer, assignment, or other conveyance to be void and direct the sheriff to take the property to satisfy the execution. This does not authorize seizure of property exempted from levy and sale under execution or property which has passed to a bona fide purchaser for value and without notice. Any person aggrieved by the levy may proceed under ss. 56.16-56.20.
Ehmann concluded that, in order for a trial court to grant a motion to implead third party defendants in supplementary proceedings under section 56.29, three procedural steps were required by the statute and extant case law: (1) examination of the judgment creditor by the court; (2) issuance of a show cause order to the third party defendant; and (3) the affording of an opportunity by the third party to respond in writing to that order. It is the first of these conclusions with which we are concerned in the instant appeal. Ehmann also concluded that the procedure for impleading third party defendants established by case law must prevail over the Florida Rules of Civil Procedure, and held that the rules are applicable only to prejudgment actions, not to post-judgment supplementary proceedings.
We must disagree with Ehmann's conclusion in regard to examination of the judgment creditor by the trial court for several reasons. First, we note that neither of the two cases upon which it relies supports that conclusion. In Tomayko v. Thomas, 143 So.2d 227 (Fla. 3d DCA 1962), the Third District held that in proceedings supplementary the rights of third parties are not adjudicated consistent with due process unless such third parties have been first impleaded and as parties given an opportunity to adequately present their defenses. Hence, a plaintiff judgment creditor must comply with the statutory requirements of an unsatisfied execution in order to file an affidavit so stating and stating that the execution is valid and outstanding. The Tomayko court held invalid an order directed to a third party who was not joined as a defendant and was not afforded the chance to file defenses in writing nor afforded a full hearing with due notice. Tomayko, however, said nothing about "examination of the judgment creditor by the court."
In State ex rel. Phoenix Tax Corp. v. Viney, 120 Fla. 657, 163 So. 57 (1935), also cited by Ehmann, the Florida Supreme Court said:
If during the course of proceedings supplementary to execution the rights of third parties claiming adversely both to plaintiff in execution as well as to defendant in execution appear to be involved, no rights of such third parties should be adjudged to be affected, impaired, or finally *852 cut off by any order of court made in such proceedings supplementary to execution, unless such third parties have first been impleaded and brought into the case as actual parties to the proceeding, and, as such, given an opportunity to fully and fairly present their claims as parties entitled to a full and fair hearing after the making up of definite issues to be tried, and not as mere spectators or bystanders in the cause. When so made actual parties to supplementary proceedings, writ of error will then lie on behalf of such third parties to review the resultant judgment if they should feel themselves aggrieved thereby.
In proceedings supplemental to execution under the Florida statutes, due process of law must be observed wherever rights of third parties are required to be adjudicated, and, in order to adjudicate the rights of such third parties, they must be made actual parties to the proceedings, either by their own voluntary intervention or by the service of an appropriate rule nisi upon them requiring them to appear and show cause why their asserted claims to disputed assets in their hands, possession, or control should not be inquired into and held to be voidable as to the plaintiff in execution who is seeking to reach such disputed assets in order to satisfy his judgment against his judgment debtors whose assets he claims they in reality are. (Emphasis added).
Phoenix, 163 So. 57, 60 (quoting Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483 (1935)). Nothing in Phoenix can be construed as a requirement that examination of the judgment creditor by the court is a condition precedent to the issuance of process  i.e., an order to show cause  directed to third party defendants. Phoenix, of course, preceded the promulgation in 1954 of the Florida Rules of Civil Procedure, which supplanted the Common Law and Equity Rules.
Secondly, there is nothing in section 56.29 which requires a judgment creditor to be examined by the court. That section does not even address the subject of impleading third parties. It provides for the defendant in execution (i.e., the judgment debtor) to appear before the court to be examined concerning his property. There is no legal or logical basis for requiring that a judgment creditor be examined by the court as a condition precedent to allowing impleader of a third party defendant in proceedings supplementary.
Thirdly, the Florida Rules of Civil Procedure govern the method by which parties are joined, not statutes or case law. See Art. V, § 2(a), Fla. Const. Those rules, contrary to Ehmann, clearly apply to post-judgment as well as prejudgment proceedings. Rule 1.010 provides that the rules apply to all actions of a civil nature and all special statutory proceedings in the circuit courts and county courts except those to which the probate and guardianship rules or the summary claims procedure rules apply. Rule 1.100(b) provides that an application to the court for an order shall be by motion which shall be made in writing unless made during a hearing or trial. There is not even a requirement that any such motion be supported by affidavit. Rule 1.250(c) provides that parties may be added by order of court on motion of any party at any stage of the action. Nothing in the Rules provides for examination of a judgment creditor by the trial court as a condition precedent to impleader of a third party defendant.
In Richard v. McNair, 121 Fla. 733, 164 So. 836 (1935), the Florida Supreme Court said:
The constitutional guarantee of due process requires that the rights of third persons claiming adversely both to the plaintiff and defendant in execution should not be finally adjudicated unless such persons have been first fully impleaded and brought into the proceedings as actual parties and given opportunity to present their claims as parties on the issues.
In the instant case, fair notice of the allegations by Williams in seeking to collect on his judgment was afforded to Exceletech and it was given the opportunity to present its case at a hearing before an *853 impartial decision maker. It was entitled to no more. Insofar as due process is concerned the form which is utilized to notify the third party defendant of the creditor's allegations, whether an order to show cause or a third party complaint, is immaterial. The trial court correctly refused to quash service of process.
We herewith recede from Dunn, Ruddy and Wieczoreck to the extent those opinions may hold or imply that examination by the trial court of a judgment creditor, or even the filing of a sworn motion by the latter, is required for impleading a third party defendant in proceedings supplementary. We certify conflict with Ehmann.
AFFIRMED.
DAUKSCH, W. SHARP, COWART, GOSHORN, PETERSON and DIAMANTIS, JJ., concur.
GRIFFIN, J., concurs in part and dissents in part with opinion with which HARRIS, J., concurs.
GRIFFIN, Judge, concurring in part, dissenting in part.
I disagree with only that portion of the majority opinion that suggests the proper method of bringing third parties into proceedings supplementary is by the filing of an unsworn motion to join third party defendants under the rules of civil procedure. Because it is the plaintiff in the original action who is seeking to bring new parties into an independent, statutorily authorized post-judgment proceeding, this is an "impleader" action. H. Trawick, Florida Practice and Procedure § 13.7 at 199 (1990); 2 S. Rakusin, Florida Creditors' Rights Manual 430 (1988). Although the rules of civil procedure certainly apply (so that, for example, the old application for a rule nisi has now become a motion for impleader), adoption of the rules of civil procedure does not alter the substantive requirements. A prima facie basis for impleader has historically been required, and that may or may not require the motion be sworn or supported by affidavit. H. Trawick, supra, at 199; 2 S. Rakusin, supra, at 432-438.
This requirement of a prima facie showing, whether by sworn testimony, affidavit or sworn motion, that a third party should be joined in post-judgment collection proceedings appears to have existed long before the Ehmann decision. In State ex rel. Phoenix Tax Title Corp. v. Viney, 120 Fla. 657, 163 So. 57, 61 (Fla. 1935), the procedure approved was presentation of a prima facie basis for impleader. In Advertects, Inc. v. Sawyer Industries, Inc., 84 So.2d 21, 24 (Fla. 1955), the court expressed the view that the reason for the requirement of a preliminary showing is to prevent unwarranted fishing expeditions into the personal assets and business affairs of strangers to the dispute that gave rise to the judgment. Moreover, the design of the proceedings supplementary statute appears to contemplate such a preliminary showing will precede any action by the court in recovering property from third parties. Under section 56.29(4), Florida Statutes, the key provision is examination of the defendant in execution covering "all matters and things pertaining to the business and financial interests of defendant which may tend to show what property he has and its location." After this occurs, the court may order property recovered from third parties. Case law clarified that the third parties must be joined at some stage in the proceedings and given due process before their property rights can be cut off. Ryan's Furniture Exchange, Inc. v. McNair, 120 Fla. 109, 162 So. 483 (1935).
The ability to draw any number of strangers into legal proceedings to require them to explain and justify ownership of their assets without any record basis for connecting them to the judgment debtor is a license which judgment creditors should not need. Apart from the examination of the debtor, as a matter of practice, before seeking to implead third parties, a judgment debtor will often have substantial testimony and evidence obtained through pretrial discovery or discovery in aid of execution. The requirement of a preliminary showing is an impediment to the judgment creditor only where impleader of third parties is sought before examination of the *854 debtor and no other prejudgment discovery or discovery in aid of execution had been done, or where these efforts had been made but have failed to produce any evidence tending to show the judgment debtor's ownership of assets ostensibly owned by third persons. Because of the nature of the proceeding, this is an appropriate limitation.[1]
HARRIS, J., concurs.
NOTES
[1] The affirmation by the Florida Supreme Court of our opinion in Wieczoreck concerned a certified question in regard to the required quantum of proof in fraud cases and had nothing to do with impleader or proceedings supplementary.
[2] The 1989 version of the statute, applicable to the instant case, has not changed in any significant respect from the 1977 statute.
[1] If bringing third parties into proceedings supplementary is controlled by Florida Rule of Civil Procedure 1.250, as the majority holds, an equivalent result may be obtainable by application of the rule requirement that joinder be "on such terms as are just."