597 So.2d 275 (1992)
EXCELETECH, INC., Petitioner,
v.
S.W. WILLIAMS, Respondent.
No. 78123.
Supreme Court of Florida.
April 30, 1992.
John R. Stump and Gary J. Lublin of Frith & Stump, P.A., Orlando, for petitioner.
Robert J. Pleus, Jr. and Richard D. Connor, Jr. of Pleus, Adams & Spears, P.A., Orlando, for respondent.
OVERTON, Justice.
We review Exceletech, Inc. v. Williams, 579 So.2d 850 (Fla. 5th DCA 1991), which held that, in impleading a third-party defendant in proceedings supplementary, it was not a prerequisite for the court to examine the judgment creditor, nor was it necessary for the motion to interplead to be sworn to. The district court certified direct conflict with Robert B. Ehmann, Inc. v. Bergh, 363 So.2d 613 (Fla. 1st DCA 1978). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed, we approve the opinion of the Fifth District Court in this case and disapprove Ehmann.
The relevant facts establish that S.W. Williams (Williams) obtained a final judgment against John D. Brown (Brown) and Beth M. House (House) in excess of $4 million.[1] After obtaining a writ of execution, Williams filed a motion for proceedings supplementary and sought the appointment of a special master in accordance with the provisions of section 56.29(11), Florida Statutes (1989). The motion was granted and, subsequently, Williams filed a petition to implead Exceletech, alleging that "Brown and House own approximately 85% of Exceletech, Inc.," and that "the defendants may use Exceletech, Inc. as a means of transferring assets in an attempt to avoid satisfying plaintiff's judgment... . [P]laintiff believes that Exceletech has property of Brown and House which should be applied for its satisfaction of the judgment." Exceletech moved to quash the petition to implead the corporation in the proceedings supplementary. In its motion, Exceletech asserted that a judgment creditor must establish a prima facie showing by testimony under oath that the proposed third-party defendant holds specific assets subject to the movant's claim, and only after that has been established in an evidentiary hearing may the court implead a third-party defendant and issue an order to show cause. The trial court denied Exceletech's motion and allowed Williams to implead Exceletech.
On appeal, the district court affirmed the trial court's order in an en banc decision. In its opinion, the district court receded *276 from Timothy Dunn Associates, Inc. v. Seligman, 557 So.2d 207 (Fla. 5th DCA 1990); Ruddy v. Ashton, 554 So.2d 557 (Fla. 5th DCA 1989); and Wieczoreck v. H & H Builders, Inc., 450 So.2d 867 (Fla. 5th DCA 1984), aff'd on other grounds, 475 So.2d 227 (Fla. 1985), to the extent those cases required the examination of the judgment creditor in proceedings supplementary. The court expressly acknowledged direct conflict with Ehmann.
In Ehmann, the First District Court held that, as a precondition to impleading a third-party defendant, a judgment creditor must: (1) serve the motion for impleader, specifying the creditor's claims against the third-party defendant; and (2) establish at a hearing a prima facie case, through testimony under oath, that the third-party defendants hold assets that are subject to the creditor's claim. In the instant case, the Fifth District rejected that position, receded from its prior decisions following Ehmann, and stated that
there is nothing in section 56.29 which requires a judgment creditor to be examined by the court. That section does not even address the subject of impleading third parties. It provides for the defendant in execution (i.e., the judgment debtor) to appear before the court to be examined concerning his property. There is no legal or logical basis for requiring that a judgment creditor be examined by the court as a condition precedent to allowing impleader of a third party defendant in proceedings supplementary.
... [T]he Florida Rules of Civil Procedure govern the method by which parties are joined, not statutes or case law. See Art. V, § 2(a), Fla. Const. Those rules, contrary to Ehmann, clearly apply to postjudgment as well as prejudgment proceedings. Rule 1.010 provides that the rules apply to all actions of a civil nature and all special statutory proceedings in the circuit courts and county courts except those to which the probate and guardianship rules or the summary claims procedure rules apply. Rule 1.100(b) provides that an application to the court for an order shall be by motion which shall be made in writing unless made during a hearing or trial. There is not even a requirement that any such motion be supported by affidavit. Rule 1.250(c) provides that parties may be added by order of court on motion of any party at any stage of the action. Nothing in the Rules provides for examination of a judgment creditor by the trial court as a condition precedent to impleader of a third party defendant.
Exceletech, 579 So.2d at 852. We agree entirely with the Fifth District's majority opinion in this case. We note that the judgment debtor had a full opportunity to be heard before the order to show cause was entered. Clearly, the procedure followed by Williams was in accordance with the rules of civil procedure. Furthermore, the provisions of section 56.29 have not been violated in any respect. In addition, we find no requirement in the rules that the petition must be sworn to, and, if this is to be a requirement, it should be expressly set forth in the rules of civil procedure.
Accordingly, we approve in full the opinion of the Fifth District Court of Appeal and disapprove Ehmann.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Exceletech was not a party to that action, and no final judgment was ever entered against Exceletech.