POLEN, Judge.
Appellant, Rosendo Junca, the plaintiff in a prior lawsuit against the seller of a yacht, was required to post a $55,000.00 injunction bond in the registry of the circuit court. In a separate federal admiralty proceeding against the vessel and appellee, Marine Dealers Unlimited (“MDU”), Junca lost and was ordered to pay $21,380.50 in fees and costs. After the court entered judgment for MDU in the federal suit, MDU filed a separate action for a creditor’s bill against Junca in state court to obtain a hen on the $55,000.00, immediately upon Junca’s moving to release the bond. After his attorney in the federal lawsuit received a copy of MDU’s petition for the creditor’s bill in the mail, Junca filed a special appearance and moved to dismiss MDU’s action based on lack of service. After a hearing on the motion to dismiss, wherein Junca argued the lack of service as well as the merits of the underlying petition, the court denied the motion and granted *327 MDU’s creditor’s bill. It ordered the clerk of court to disburse $21,380.50 of the funds held in connection with Junea’s original lawsuit against the yacht.
The procedures providing for proper service are clear and explicit. Florida Rule of Civil Procedure 1.070(e) requires that a copy of the initial pleading be delivered at the time of personal service of process. This rule applies to creditors’ bill proceedings just as any other civil action. See Sverdahl v. Farmers and Merchants Sav. Bank, 582 So.2d 738, 740 (Fla. 4th DCA 1991). Junca appeared to contest the service of process at the hearing on his motion to dismiss and did not waive his right to be properly served. Because we find that MDU failed to comply with procedural due process in these proceedings, we do not reach Junca’s remaining arguments on appeal concerning the merits of MDU’s underlying petition.
The Order and Final Judgment of the circuit court, therefore, is reversed for further proceedings consistent with this opinion.
REVERSED.
STEVENSON and GROSS, JJ., concur.