773 So.2d 1275 (2000)
Marie Lydia VARVERIS, Appellant,
v.
ALBERTO M. CARBONELL, P.A., Appellee.
No. 3D00-129.
District Court of Appeal of Florida, Third District.
December 27, 2000.
Segredo & Weisz and Michel O. Weisz, Coral Gables, for appellant.
Alberto M. Carbonell, Miami, for appellee.
Before COPE, GODERICH and SHEVIN, JJ.

ON MOTIONS FOR REHEARING/CLARIFICATION
SHEVIN, Judge.
We deny the motions for rehearing/clarification, but issue the following corrected opinion:
Marie Varveris appeals a judgment entered in proceedings supplementary to execution directing the sale of her property. We reverse the judgment.
Alberto Carbonell, P.A., sought to recover on a money judgment entered against Alexander Varveris, Marie's husband. In proceedings supplementary, § 56.29, Fla. Stat. (1999), Carbonell sought to implead Marie in order to set aside as fraudulent transfers of certain real property to Marie. See §§ 726.101-.112, Fla.Stat. (1999). Carbonell, however, was not able to serve Marie. Although service of process, noticing Marie of the proceedings to set aside the transfers, was not effected, the trial court conducted an evidentiary hearing, impleaded Marie as a defendant, and found *1276 that the transfers were fraudulent. Based on that finding, the court ordered the properties sold to satisfy the outstanding judgment.
On appeal, Marie correctly argues that the judgment may not stand because she was not properly brought before the court as an impleader defendant. It is well-settled law that
no rights of [impleader defendants] should be adjudged to be affected, impaired, or finally cut off by any order of court made in such proceedings supplementary to execution, unless such third parties have been first fully impleaded and brought into the case as actual parties to the proceeding, and, as such, given an opportunity to fully and fairly present their claims as parties entitled to a full and fair hearing after the making up of definite issues to be tried, and not as mere spectators or bystanders in the cause.
Machado v. Foreign Trade, Inc., 544 So.2d 1061, 1061 (Fla. 3d DCA 1989)(quoting Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 120, 162 So. 483, 487 (1935)); 24A Executions Fla.Jur.2d § 108 (1995 & Supp.2000). See State ex rel. Phoenix Tax Title Corp. v. Viney, 120 Fla. 657, 163 So. 57 (1935); see also Exceletech, Inc. v. Williams, 597 So.2d 275 (Fla.1992); Patterson v. Venne, 594 So.2d 331 (Fla. 3d DCA 1992); Junca v. Marine Dealers Unlimited Corp., 706 So.2d 326 (Fla. 4th DCA 1997). Here, it is undisputed that Marie was not served personally or by a substituted method sufficient to confer jurisdiction upon the court. Thus, the judgment must be reversed as she was not properly brought into the proceedings supplementary as a party.
Marie's contention that reversal of the judgment mandates vacation of the temporary injunction is without merit. Pursuant to section 726.108, the judgment creditor may be afforded certain remedies against the asset subject to the creditor's claim, including the entry of provisional remedies, i.e., a temporary injunction. The court may afford creditors a remedy such as an injunction before personal service has been effected. "As long ago as 1866, the Florida Supreme Court wrote: `It is clear that in a suit in equity, upon the filing of the bill, an injunction or other restraining order may issue, if the same is prayed for, and this before [process] has issued or been served.'" Smith v. Knight, 679 So.2d 359, 361 (Fla. 4th DCA 1996)(footnote omitted)(quoting Thebaut v. Canova, 11 Fla. 143, 163 (1866)). We agree with Marie, however, that the trial court should enter an order setting an appropriate bond.
Accordingly, we reverse the judgment and remand the cause so that the court may enter a bond order and so that Carbonell may serve Marie with proper pleadings enabling her to respond in the proceeding. If she is evading service, there are methods of service that would enable Carbonell to proceed despite such actions on her part.
Reversed and remanded.