PALMER, J.
Delco Oil, Inc. (Delco) appeals the trial court’s final order entering judgment in favor of appellee, Harjinder Pannu, on Pannu’s claims of breach of contract. Concluding that the trial court erred in ruling that the statute of limitations had not run on one of Pannu’s breach of contract claims, we reverse as to that ruling. As for all of Delco’s other claims of error, we reject them as meritless.
Pannu executed a contract with Delco on August 7, 1992, agreeing to lease two convenience stores from Delco, one located in Deltona and the other in Sanford. Five years into the lease, disputes between the parties arose over the method of calculating the monthly rent amount due on the Deltona store. Delco maintained that, pursuant to the terms of a rent addendum agreement, Pannu owed rent in the amount of $4,000.00 per month yet Pannu maintained that he owed only $3,380.52 per month.[1] Being unable to resolve the dispute, Pannu filed an action for declaratory relief in the circuit court. Delco responded by filing a counterclaim setting forth requests for eviction, back rent, and attorney’s fees.
Of particular importance to the instant appeal, Pannu later amended his complaint adding, among other things, a claim that Delco had breached the terms of the parties’ lease on the Sanford store. Specifically, the complaint alleged that Delco had breached the lease on the date of closing by misrepresenting the fact that it held title to the property and thus was able to convey a leasehold interest to Pannu as of that date. The complaint sought the return of Pannu’s $25,000 deposit which was paid to Delco at closing. Delco answered by denying liability and raising the affirmative defense of statute of limitations. While Delco admitted that it did not possess title to the property on the date of closing, it asserted that no breach had occurred because it was able to obtain proper title by the date Pannu’s lease was scheduled to commence. Delco further alleged that the claim was barred by the statute of limitations because the alleged breach occurred on the closing date, August 7, 1992, yet Pannu failed to file his lawsuit until September 5, 1997, a month after the applicable five year statute of limitations had expired.[2]
The matter proceeded to trial before the court sitting without a jury. Upon review *1072 of the evidence presented, the trial court ruled that, pursuant to the terms of the parties’ rent addendum, Delco was entitled to receive $4,000 per month rent on the Deltona property. The court further ruled that Delco had breached the terms of the parties’ lease agreement on the Sanford property by failing to have a possessory interest in said property at the time of closing.
Both parties filed motions for rehearing and the court conducted a hearing thereon. During the hearing, Pannu argued that the trial court had erred in calculating the amount of rent due under the terms of the parties’ rent addendum agreement, and Delco argued that the court had erred in rejecting its statute of limitations defense. The court did not issue a written order regarding the parties’ rehearing motions, yet the court stated on the record that it was granting rehearing on Delco’s statute of limitations defense and allowing Pannu time to amend its reply to address Delco’s statute of limitations claim.
More than a year later the matter was noticed for a hearing, presumably on Del-co’s pending statute of limitations claim. However, during the course of the hearing the trial court voiced its concern about the correctness of its previous ruling on the rent issue. Over Delco’s objection, the trial court decided to grant Pannu’s previously filed motion for rehearing and to schedule a hearing on the matter.
Fifteen months later, the matter proceeding to a hearing before the trial court. Inexplicably, during the hearing the trial court received evidence regarded the terms of the parties’ rent addendum agreement as well as on Delco’s statute of limitations defense. Upon review of the evidence presented, as well as the argument of counsel, the court issued a written order entering judgment in favor of Pannu on both its rental claim and Delco’s statute of limitations defense. The court concluded that since the language of the rent addendum agreement was ambiguous, the contract must be construed against Delco as the drafter of the contract. As such, the trial court determined that Pannu’s monthly rent on the Deltona store was $3,330.52. On the statute of limitations issue, the trial court ruled that the record demonstrated that the limitations period had not expired and thus Pannu’s claim for return of his deposit was enforceable.
In challenging the trial court’s final judgment, Delco first argues that the trial court committed reversible error by sua sponte revisiting Pannu’s motion for rehearing after having implicitly denied same at the initial rehearing hearing.[3] We disagree. The trial court possessed the discretion to amend its decision regarding Pannu’s rehearing motion, and even to change its ruling thereon, because the ruling was never reduced to writing. See Carr v. Byers, 578 So.2d 347 (Fla. 1st DCA 1991)(holding that while order is in the trial court’s possession, whether signed or not, it is subject to change).
Delco next argues that the trial court erred in rejecting its statute of limitations defense. We agree.
Pannu’s breach of contract claim alleged that the contract regarding the Sanford property was breached by Delco at the time of closing on August 7, 1992, because Delco misrepresented the fact that it held title to the subject property and could convey a leasehold interest therein to Pan-nu. In responding to Delco’s statute of limitations claim, Pannu maintained that Delco was equitably estopped from assert *1073 ing said defense because Delco had refused to respond to his inquires regarding the ownership issue. Upon review, the trial court concluded that Delco’s misrepresentation as to ownership, in conjunction with its refusal to respond to Pannu’s inquiries, constituted sufficient grounds to justify application of the doctrine of equitable estoppel and thus thwart Delco’s statute of limitations defense. This ruling was incorrect.
A defendant can be estopped from asserting a statute of limitations defense to an admittedly untimely filed action where his conduct has induced the plaintiff into forbearing suit within the applicable limitations period. Alachua County v. Cheshire, 603 So.2d 1334 (Fla. 1st DCA 1992). In Major League Baseball v. Morsani, 790 So.2d 1071 (Fla.2001), our Supreme Court aptly explained the rationale underlying the justification for applying the doctrine of equitable estoppel in statute of limitations matters as follows:
Equitable estoppel is based on principles of fair play and essential justice and arises when one party lulls another party into a disadvantageous legal position:
“Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which perhaps have otherwise existed, either of property or of contract, or of remedy, as against another person, who has in good faith relied upon such conduct and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right, either of property, or of contract or of remedy.”
The doctrine of estoppel is applicable in all cases where one, by word, act or conduct, willfully caused another to believe in the existence of a certain state of things, and thereby induces him to act on this belief injuriously to himself, or to alter his own previous condition to his injury. (State ex rel. Watson v. Gray, 48 So.2d 84, 87-88 (Fla.1950)(quoting 3 Pomeroy’s Equity Jurisprudence § 804 (5th ed.1941))).
Id. at 1076. Applying this case law to the instant facts, we conclude that the record does not support the trial court’s finding of equitable estoppel because there is no evidence indicating that Delco “by word, act or conduct, willfully caused [Pannu] to believe in the existence of a certain state of things, and thereby induce[d] him to act on this belief injuriously to himself, or to alter his own previous condition to his injury”. Morsani, 790 So.2d at 1076.
Here, Pannu testified that he discovered that Delco did not have possession of the Sanford property on August 31, 1992, when he drove by the property and saw that the name on the convenience store had not been changed. Pannu claims he contacted Delco’s broker on that same day to find out why Delco’s name was not on the property sign but the broker failed to immediately return his calls. In any event, soon thereafter, Pannu discovered that Delco did not own the property. Unlike the plaintiffs in Morsani who had been lulled into complacency by the defendants’ conduct until a date after the statute of limitations had run on their tortious interference claim, here Pannu had actual notice within one month of the date that the lease was signed that the alleged breach had occurred and thus he had 4 years and 11 months within which to file a timely breach of contract complaint against Delco. Additionally, and perhaps more importantly, there is no evidence in the record that Delco engaged in any conduct indicating an intent to lull Pannu into a disadvantageous legal position or preventing Pannu from filing his lawsuit within the applicable five year statute of limita *1074 tions. See Florida Dep’t. of Health & Rehabilitative Servs. v. S.A.P., 835 So.2d 1091 (Fla.2002)(holding that equitable es-toppel presupposes a legal shortcoming in a party’s case that is directly attributable to the opposing party’s misconduct, and bars the wrongdoer from asserting that shortcoming and profiting from his or her own misconduct).
Accordingly, we affirm the trial court’s ruling on the rent issue, reverse its ruling on the statute of limitations defense, and remand this matter to the trial court for proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.
SHARP, W. and PLEUS, JJ., concur.

. The rent provision in question reads as follows:
RENTAL ADDENDUM
[[Image here]]
Lease: 5 years with an option for 5 additional years.
Rental: Rent will be $2,750.00 plus applicable sales tax. Rent will increase $250.00 per month, per year until rent is increased to $4,000.00 per month/per year. Option is for 5 years with base year being 1992 plus C.P.I.
The dispute between the parties centered on whether the rent during the 5-year extension period was calculated by adjusting upwards by the C.P.I. from the 1997 rent amount or whether the rent would be recalculated using the 1992 rent payment under the lease, adjusted by applying the C.P.I. from that date forward.

. See § 95.1 l(2)(b), Fla. Stat. (1997)(provid-ing a five year statute of limitations for breach of written contract claims).

. We note that Delco has not raised any challenge to the trial court’s substantive ruling regarding the amount of rent which was owed under the contract.