944 So.2d 1019 (2006)
Jacob ZUREIKAT, Appellant,
v.
Alwad Al SHAIBANI, Appellee.
No. 5D04-3697.
District Court of Appeal of Florida, Fifth District.
March 10, 2006.
*1020 William N. Asma, of William N. Asma, P.A., Winter Garden, for Appellant.
Scott W. Spradley, and Maureen A. Vitucci, of Gray Robinson, P.A., Orlando, for Appellee.
THOMPSON, J.
Jacob Zureikat ("Zureikat") appeals the trial court's denial of his motion for rehearing, *1021 which followed an order that established an equitable lien for $130,000 on real property owned by Zureikat and his wife, Majeda Zureikat ("Majeda"). We affirm.
In August 1996, Zureikat represented to Alwad Al Shaibani ("Shaibani") that he was a licensed real estate agent and broker. Zureikat offered to assist Shaibani with the purchase of real property in Orange County, Florida. Shaibani loaned Zureikat $200,000 in September 1997. The $200,000 was to be used as a deposit for Shaibani's purchase, for which Zureikat would receive a commission. No sale occurred, and Zureikat refused to return the money. Zureikat used the funds for his personal benefit and made false representations concerning his use of funds. During discovery before judgment, Zureikat testified that the $200,000 from Shaibani was used to pay off preexisting debt and the remainder was "lost in the stock market."
In December 1999, Shaibani filed a complaint for counts on a promissory note and fraud in the inducement against Zureikat. He amended his complaint in 2001 to add a count for civil theft. The case was set for non-jury trial. On 27 September 2001, the court entered a consent judgment that granted Shaibani a $200,000 judgment for Count I and dismissed Counts II and III. Shaibani recorded the judgment with Orange County Public Records.
Shaibani moved for supplementary proceedings and impleader of third parties in May 2002. The motion was accompanied by a copy of the judgment and an affidavit that alleged the Sheriff held a valid and unsatisfied execution. The motion alleged that Zureikat transferred funds and assets to his wife, Majeda Zureikat ("Majeda"), and their children. Shaibani requested that the court: (1) order Zureikat to appear for examination; (2) implead Majeda and their children to plead their defenses and appear to show cause why they should not be ordered to apply their own assets to the judgment debt; and (3) order any property subject to execution be applied to the satisfaction of the judgment debt.
On 13 May 2002, the court entered an order for proceedings supplementary to execution that required Zureikat, Majeda, and their children to appear for examination of their real and personal property and incomes. Court minutes indicate that Zureikat and Majeda testified at the hearing, which was not transcribed.
In July 2003, Shaibani moved for supplementary proceedings to establish an equitable lien and to foreclose lien. Zureikat had repeated his claim during discovery in aid of execution that he lost Shaibani's money in the stock market, and told Shaibani to "call AOL" to get his money back. However, Shaibani discovered that Zureikat had a bank account he had not disclosed, into which he had deposited Shaibani's money, and from which he extracted funds to purchase and improve real property that became Zureikat's homestead. Shaibani claimed that he was entitled to an equitable lien for those funds traced to the purchase and improvement of Zureikat's real property.
On 15 July 2003, the court entered an order for supplementary proceedings to establish equitable lien and to foreclose lien, directing Zureikat to appear for hearing in September 2003. The court denied Shaibani's motion on 4 November 2003, concluding that the consent judgment barred the establishment of an equitable lien.
Shaibani moved for rehearing on 13 November 2003, highlighting caselaw supporting the imposition of an equitable lien. On 1 June 2004, the court held a hearing on Shaibani's motion for rehearing. Zureikat *1022 and Majeda were present. Each explicitly agreed to their counsel's motion to withdraw. Majeda stated that she and Zureikat had been overseas and that neither they nor their anticipated replacement counsel were well prepared. Zureikat acknowledged that they had been served with notice of the hearing, but claimed they had only one day to prepare for the hearing. However, the hearing had been set two months in advance, and had been noticed in early May. Zureikat then argued that neither he nor Majeda had been served.
Shaibani's counsel noted that a hearing had previously occurred on the equitable lien, but that the June 2004 hearing was set because Majeda had not been present. Shaibani had "needed Mrs. Zureikat here . . . because we are talking about tenancy by the entirety. That was the sole reason that the Court adjourned the last hearing to enable her to be here."
The court found that Shaibani demonstrated that $130,000 in the Zureikats' homestead was derived from Zureikat's fraudulent use of Shaibani's money, and held that fraud was not protected by homestead. On 21 September 2004, the court granted the motion for rehearing and held that Shaibani had an equitable lien on Zureikat's property for $130,000. Copies of the order were distributed to Zureikat and Majeda's attorney.
Zureikat moved for rehearing, arguing that Majeda was not given an opportunity to respond in writing and that Shaibani was not entitled to equitable relief based on conduct that occurred over four years before the court's order.
The court denied the motion for rehearing, and Zureikat timely appealed. Zureikat alleges that the proceeding supplemental was barred by the statute of limitations, that the equitable lien was barred by equitable estoppel and res judicata, and that Majeda was deprived of due process because she was not impleaded. We disagree.
We have jurisdiction of the non-final post-judgment order, which imposes an equitable lien and determines with finality the Zureikats' property rights in their homestead property, under rule 9.130(a)(4), Florida Rules of Appellate Procedure. See also Exceletech, Inc. v. Williams, 579 So.2d 850 (Fla. 5th DCA 1991) (en banc), approved by 597 So.2d 275 (Fla.1992); Mogul v. Fodiman, 406 So.2d 1225 (Fla. 5th DCA 1981); but see Maryland Cas. Co. v. Century Constr. Corp., 656 So.2d 611, 612 (Fla. 1st DCA 1995) (holding that review must await entry of a final order in the third-party action); Gache' v. First Union Nat'l Bank, 625 So.2d 86, 87 (Fla. 4th DCA 1993) (denying review of order to disclose financial information in post-judgment proceedings).
Zureikat argues that the imposition of the equitable lien on his real property in a proceeding supplementary was barred by the statute of limitations. He asserts that Shaibani had knowledge that Zureikat kept funds as early as 1997 and, therefore, the action is barred as an untimely action for fraud or untimely action for equitable lien. § 95.11(3)(j), (k), Fla. Stat. (2004). Zureikat's argument lacks merit.
Section 56.29, Florida Statutes (2004), described the procedure by which a person holding an unsatisfied execution could initiate proceedings supplementary to execution. Proceedings supplementary are post-judgment proceedings that permit a creditor to effectuate a judgment lien already existing; they are not independent causes of action. Burshan v. Nat'l Union Fire Ins. Co., 805 So.2d 835, 843 (Fla. 4th DCA 2001); see also HENRY P. TRAWICK, JR., FLORIDA PRACTICE AND PROCEDURE § 27-9 (2006) (describing proceedings supplementary *1023 to execution). The judgment here became a lien when Shaibani recorded a certified copy of the judgment with Orange County Public Records. See § 55.10(1); Michael v. Valley Trucking Co., Inc., 832 So.2d 213, 215 (Fla. 4th DCA 2002); Burshan at 838. Because the certified copy was first recorded after 1 July 1994, the judgment is a lien in Orange County for ten years following the recording date. § 55.10(1). Although the judgment lien may be extended upon rerecording, it may not extend beyond 20 years from the date of the judgment's entry. §§ 55.10(2), (3); 55.081; Michael, 832 So.2d at 217; Burshan, 805 So.2d at 839; Betaco, Inc. v. Countrywide Home Loans, Inc., 752 So.2d 696, 697 (Fla. 2d DCA 2000). Thus, even the passage of over six years will not prevent, by operation of statute of limitations, a judgment creditor from initiating proceedings supplementary. See Salina Mfg. Co. v. Diner's Club, Inc., 382 So.2d 1309, 1310 (Fla. 3d DCA 1980).
Even if a statute of limitations applied, clear and convincing evidence showed that Zureikat concealed material facts with respect to his available assets and existing checking accounts. See Castro v. East Pass Enters., 881 So.2d 699, 700 (Fla. 1st DCA 2004) (noting that estoppel elements of false representation or concealment of material facts must be shown by clear and convincing evidence). Zureikat would be equitably estopped from asserting the statute of limitations because any delay in Shaibani's proceedings supplementary was directly attributable to Zureikat's misconduct. See Major League Baseball v. Morsani, 790 So.2d 1071, 1076-77 (Fla.2001); Delco Oil, Inc. v. Pannu, 856 So.2d 1070, 1073 (Fla. 5th DCA 2003).
Zureikat next contends that the equitable lien should have been barred by equitable estoppel and res judicata because Shaibani had initially filed a fraud claim and agreed to dismiss that claim. Zureikat fails to distinguish between his fraudulent conduct during supplementary proceedings and the fraudulent acquisition of Shaibani's funds that led to Shaibani's initial action.
We note that "[t]he court may enter any orders required to carry out the purpose of [section 56.29] to subject property or property rights of any defendant to execution." § 56.29(9), Fla. Stat. (2004). Proceedings supplementary "are equitable in nature and should be liberally construed." Ferguson v. State Exchange Bank, 264 So.2d 867, 868 (Fla. 1st DCA 1972). They enable speedy and direct proceedings in the same court in which the judgment was recovered to better afford to a judgment creditor the most complete relief possible in satisfying the judgment. Regent Bank v. Woodcox, 636 So.2d 885, 886 (Fla. 4th DCA 1994).
Res judicata does not apply. In the initial proceeding, Shaibani "did not, and was not required to, assert a cause of action based upon an equitable lien." Whigham v. Muehl, 511 So.2d 717, 718 (Fla. 1st DCA 1987). None of Shaibani's claims in the underlying action involved a showing that the money solicited from Shaibani was used to improve Zureikat's real estate. See id. Thus, there was no identity of cause of action, which is one of the required elements of res judicata. Wilson v. County of Orange, 881 So.2d 625, 632 (Fla. 5th DCA 2004); Whigham, 511 So.2d at 718. Moreover, the question of Zureikat's fraud was not actually litigated in the case in which the underlying judgment was rendered. See Wilson, 881 So.2d at 632.
Zureikat's assertion of equitable estoppel is also specious. Restated, Shaibani forever lost the right to litigate Zureikat's fraudulent concealment of assets because Shaibani agreed to dismiss a fraud *1024 claim in exchange for entry of a $200,000 judgment; notwithstanding Zureikat's misrepresentation about money lost in the stock market or his ownership interests, Shaibani "bargained away" his right to an equitable lien. We disagree with this assertion. On the contrary, Shaibani clearly established that "general considerations of right and equity" required imposition of an equitable lien on Zureikat's property. See Pegram v. Pegram, 821 So.2d 1264, 1266 (Fla. 2d DCA 2002). The trial court's finding that Shaibani demonstrated Zureikat's fraud and misrepresentation is supported by the record. See id.; Troiano v. Troiano, 549 So.2d 1053, 1057 (Fla. 5th DCA 1989). It is well settled that trial courts may impose equitable liens in proceedings supplementary where there has been a showing of fraud, misrepresentation, or affirmative deception. See id. at 1057; Whigham, 511 So.2d at 718. In this case, the equitable lien afforded Shaibani the most complete relief possible in satisfying his judgment against Zureikat. Regent Bank v. Woodcox, 636 So.2d 885, 886 (Fla. 4th DCA 1994); see also Whigham, 511 So.2d at 718 (noting that equitable liens have been applied in several circumstances in supplementary proceedings).
Moreover, the equitable lien was properly awarded against homestead property because Shaibani established that proceeds from Zureikat's fraudulent or reprehensible conduct were used to invest in, purchase, or improve the homestead. See Smith v. Smith, 761 So.2d 370, 372 (Fla. 5th DCA 2000); Dyer v. Beverly & Tittle, P.A., 777 So.2d 1055, 1059 (Fla. 4th DCA 2001); Greenberg v. Fontaine, 618 So.2d 299, 301 (Fla. 2d DCA 1993); Whigham, 511 So.2d at 718; see also Havoco of Am., Ltd. v. Hill, 790 So.2d 1018 (Fla.2001) (discussing extensively the treatment of equitable liens on homestead property). More important, the Florida Supreme Court has held that, where funds obtained through one spouse's fraud are used to invest in, purchase, or improve the homestead, an equitable lien may be established despite the other spouse's innocence or ignorance of wrongdoing. Palm Beach Sav. & Loan Ass'n, F.S.A. v. Fishbein, 619 So.2d 267, 270-71 (Fla.1993); In re Crum, 294 B.R. 402, 405 (Bankr.M.D.Fla.2003).
Zureikat argues on appeal that Majeda was never impleaded and never made a party to the proceedings. Also, he apparently takes issue with the court's failure to comply with the procedure for examining the judgment creditor outlined in Wieczoreck v. H & H Builders, Inc., 450 So.2d 867 (Fla. 5th DCA 1984). Finally, he contends that Majeda did not have an opportunity to respond in writing. The record belies these arguments.
Notably, Zureikat did not argue below that his wife had not been impleaded. Majeda was impleaded by the court's order in May 2002. Moreover, the record shows that the June 2004 hearing on the motion to establish an equitable lien was scheduled for the sole purpose of securing Majeda's attendance and participation. Cf. Varveris v. Alberto M. Carbonell, P.A., 773 So.2d 1275, 1276 (Fla. 3d DCA 2000) (reversing a judgment entered in supplementary proceedings where it was undisputed that the third party was never served).
Zureikat's claim of error on the basis of Wieczoreck v. H & H Builders, Inc., 450 So.2d 867 (Fla. 5th DCA 1984) is misplaced. This court receded from cases establishing a requirement to examine the judgment creditor in Exceletech, Inc. v. Williams, 579 So.2d 850 (Fla. 5th DCA 1991) (en banc), approved by 597 So.2d 275 (Fla.1992). Moreover, Zureikat cannot demonstrate that Majeda was deprived of due process merely because she did not file a written response. This is not a case in which the trial court expressly protected *1025 the third party from answering or participating. Cf. Timothy Dunn Assocs., Inc. v. Seligman, 557 So.2d 207, 209 (Fla. 5th DCA 1990) (noting that the third parties were expressly told they were not parties). Majeda was impleaded, and elected not to file any written response before the hearing that occurred over two years later. The record supports the conclusion that Majeda received procedural due process, which required "(1) a hearing (2) before an impartial decision-maker, after (3) fair notice of the charges and allegations, (4) with an opportunity to present one's own case." Wieczoreck, 450 So.2d at 871, overruled on other grounds by Exceletech, 579 So.2d at 853. Fair notice of Shaibani's allegations in seeking to collect on his judgment was afforded to Majeda, who was given the opportunity to present her case at a hearing before an impartial decision maker; she was entitled to no more. See Exceletech, 579 So.2d at 852-53.
Therefore, we conclude that Zureikat failed to establish that the trial court abused its discretion by denying his motion for rehearing, and the judgment of the trial court is
AFFIRMED.
PALMER and LAWSON, JJ., concur.