932 So.2d 479 (2006)
Rebecca BLAYLOCK, Appellant,
v.
Randal S. ZELLER, Appellee.
No. 5D05-3820.
District Court of Appeal of Florida, Fifth District.
June 9, 2006.
Rehearing Denied July 6, 2006.
*480 Jon H. Gutmacher, Orlando, for Appellant.
John R. Hamilton, of Foley & Lardner, LLP, Orlando, for Appellee.
THOMPSON, J.
Rebecca Blaylock timely appeals a final injunction entered against her. Randal S. Zeller sought ex parte a temporary injunction against Blaylock for protection against repeat violence under section 784.046, Florida Statutes (2004), which the court issued. The court conducted a final hearing on the petition, for which Blaylock had notice. On appeal, she contends the trial court made two errors. First, she claims she was denied due process of law because no sworn testimony was presented and she was not given an opportunity to cross-examine or present witnesses. Second, the court prohibited her from possessing or using firearms when no evidence was presented that she was a danger to Zeller or herself. We affirm the order granting an injunction, but require that the trial court strike the portion of the injunction that prohibits Blaylock from possessing or using firearms or ammunition.
In his sworn petition, Zeller alleged that Blaylock continued to stalk his wife and him, and that they feared for their lives. She repeatedly watched the couple, trespassed on their property, took photographs of them and their home, made complaining phone calls to his employer, stated that she would burn down their house, and stated that she would do whatever it took to get rid of them and have them fired. Zeller attached to his petition an incident report from the Orange County Sheriff's Office concerning similar actions by Blaylock against Zeller. Blaylock and Zeller were sworn and testified at the final hearing.[1] Although Blaylock denied Zeller's allegations, she explicitly agreed to most of the conditions in the injunction. The court entered an order granting the final judgment of injunction for protection against repeat violence and ordered Blaylock not to possess or use firearms or ammunition.
Blaylock did not seek modification or dissolution of the injunction under section 784.046(11), but now appeals. She argues she was denied due process, and that her constitutional rights were infringed by the firearms prohibition. Zeller confesses error on the firearm prohibition and does not object to this court vacating the portion of the injunction prohibiting the use or possession of firearms. Thus, the only issue on appeal is whether Blaylock was denied due process.
Blaylock alleged that, at the injunction hearing, there was no sworn testimony, and she was denied an opportunity to cross-examine Zeller or present witnesses. The record does not support the allegations. The record shows Blaylock received procedural due process, which required (1) a hearing (2) before an impartial decision-maker, after (3) fair notice of the charges *481 and allegations, (4) with an opportunity to present one's own case. Zureikat v. Shaibani, 31 Fla. L. Weekly D758, ___ So.2d ___, 2006 WL 565907 (Fla. 5th DCA Mar. 10, 2006). The record reveals that Blaylock and Zeller testified and each could have cross-examined the other. More important, Blaylock stated she had witnesses at the hearing, but she elected not to call them to testify; the trial court did not ignore them. Fair notice of Zeller's allegations and petition was afforded to Blaylock, who was given the opportunity to present her case at a hearing before an impartial decision maker; she was entitled to no more. Id.; see also Exceletech, Inc. v. Williams, 579 So.2d 850, 852-53 (Fla. 5th DCA 1991).
Also, we find no error because Blaylock agreed to most of the terms of the injunction, which are unobjectionable. See, e.g., Goosen v. Walker, 714 So.2d 1149, 1149-50 (Fla. 4th DCA 1998) (affirming a judgment under section 784.046, Florida Statutes (1997), that enjoined neighbor from photographing or videotaping his neighbors). As to the firearms prohibition, Zeller concedes he did not ask for such a prohibition and the issue was not presented or discussed during the hearing. Thus, we strike that portion of the injunction prohibiting the use or possession of firearms or ammunition and requiring Blaylock to surrender any firearms or ammunition in her possession.
AFFIRMED in part, REVERSED in part and REMANDED.
PLEUS, C.J. and SAWAYA, J., concur.
NOTES
[1] Although Blaylock stated she had four witnesses available to testify, she never called them. Further, she did not attempt to cross-examine Zeller.