POLEN, J.
 

 Appellant, Fred J. Popper, appeals the trial court’s final judgment of injunction against repeat violence. This court has jurisdiction. Fla. R.App. P. 9.030(b)(1)(A).
 

 Ficarelli petitioned for an injunction against repeat violence on June 5, 2008 alleging that in April 2008 and on May 13, 2008, Popper had run his car into her while she was jogging. The trial court found that Ficarelli’s allegations did not warrant the entry of a temporary injunction and set a hearing on the petition for June 18, 2008. Popper was served with notice of the petition and hearing on June 12, 2008.
 

 Following the hearing and extensive testimony, the trial court entered an injunction prohibiting Popper from having any contact with Ficarelli, from using or possessing any firearms, and ordering Popper to surrender all firearms, ammunition and concealed weapons to the Sheriffs Department. Popper now timely appeals.
 

 Popper argues that he was not given proper notice of the hearing, that the trial court erred in allowing evidence of conduct not alleged in the petition, that the court erred in admitting evidence of a similar act, and that the trial court erred in enjoining his use or possession of a firearm.
 

 We write only to reverse the trial court’s prohibition of Popper’s use or possession of a firearm. Ficarelli concedes that she never sought to enjoin Popper’s use of firearms and that the issue was not presented during the hearing. Thus, the trial court erred in including the prohibition in its injunction.
 
 Blaylock v. Zeller,
 
 932 So.2d 479, 481 (Fla. 5th DCA 2006). As to all other issues, we affirm without further discussion.
 

 Affirmed in part, reversed in part, and remanded.
 

 FARMER and GERBER, JJ., concur.